584 So.2d 1105 (1991)
Robert A. MATTHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01713.
District Court of Appeal of Florida, Second District.
August 21, 1991.
*1106 James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Robert A. Matthews, challenges the judgment and sentence imposed upon him after he was found guilty of robbery. We reverse.
Prior to the appellant's trial on the charge of robbery, his court appointed attorney, at the appellant's request, filed a motion to withdraw as the appellant's attorney. The appellant requested that a new attorney be appointed because he disagreed with the attorney's decision to file a written plea of not guilty rather than have the appellant appear for a formal arraignment. The trial court found that the attorney was adequately representing the appellant and denied the motion. The court also found, without making an inquiry on the record, that the appellant was not able to represent himself in a jury trial.
On the day of trial, before the jury was empaneled, the appellant again requested that a new attorney be appointed to represent him. In response to questions by the court, the appellant stated that the attorney was not adequately representing him and that she failed to visit him at the jail or communicate with him. The court found that the appellant's attorney was adequately representing him and denied the appellant's request for a new attorney. The court noted, as it had at the hearing on the attorney's motion to withdraw, that the appellant had established a pattern of discharging counsel and had done so in many previous cases. As a result of the appellant's disruptive behavior in response to the trial court's refusal to appoint a new attorney, the trial court ordered the appellant to be tried in absentia. The jury returned a verdict of guilty as charged. The appellant filed a timely notice of appeal from the judgment and sentence imposed upon him pursuant to that verdict.
The appellant contends that the trial court erred by failing to make the proper inquiries and to give him the proper advice concerning his right of representation. On the basis of the record presented to us, we must agree.[1]
When a defendant requests the trial court to discharge his court appointed attorney and replace him with another appointed attorney, the court should first determine whether adequate grounds exist for replacement of the defendant's attorney. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). See also Hardwick v. State, 521 So.2d 1071 (Fla. 1988), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). If the court finds that the defendant, as in this case, has no legitimate complaint, it is then required to advise the defendant that if his request to *1107 discharge his attorney is granted, the court is not required to appoint substitute counsel and the defendant would be exercising his right to represent himself. Hardwick; Taylor v. State, 557 So.2d 138 (Fla. 1st DCA 1990). At this point, if the defendant still desires to discharge his counsel, the court must determine whether the defendant is knowingly and intelligently waiving his right to court appointed counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Hardwick. The court should determine whether the defendant by reason of his age, mental derangement, lack of knowledge, lack of experience, or inexperience in criminal proceedings would be deprived of a fair trial if permitted to conduct his own defense. Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Fla.R.Crim.P. 3.111(d). This determination is particularly important where, as here, the defendant's actual desire is to obtain different court appointed counsel which is not his constitutional right. Hardwick; Donald v. State, 166 So.2d 453 (Fla. 2d DCA 1964).
As mentioned above, the trial court in this case properly considered whether adequate grounds existed for removing the appellant's court appointed counsel. Once this determination was made, however, the court erred by not proceeding to inform the appellant that if the attorney was discharged he would be requesting to represent himself and then, if necessary, to make the proper inquiry to determine if he would be deprived of a fair trial if allowed to do so. We must, accordingly, reverse and remand for a new trial.
Reversed and remanded.
THREADGILL and PARKER, JJ., concur.
NOTES
[1] Although the trial court evidently had knowledge concerning the appellant that is not part of this record, we must rule on the record presented to us. The record does not contain evidence which was apparently presented in other cases involving the appellant. The court's statement that it was taking judicial notice of certain files does not, by itself, make those files, or the evidence contained therein, part of the record on appeal.