PARKER, Judge.
Oliver Theodore Reddick appeals his conviction for armed robbery and the sentence imposed on that charge. Reddick also appeals a revocation of probation.[1] Although the evidence presented at trial was sufficient to sustain a guilty verdict as to the armed robbery, we are compelled to reverse the *177 armed robbery conviction and the revocation of probation due to a deficiency in the hearing on Reddick’s motion to discharge his attorney.
Prior to the trial the assistant public defender representing Reddick advised the court that Reddick told the attorney that Reddick had filed a motion to dismiss his public defender and to appoint new counsel. The trial judge had not received the motion yet but asked Reddick to tell him about it. Reddick complained that his attorney had not visited him while Reddick had been in jail (almost six months) and that his counsel had not told him what was happening with his case. The trial court asked Reddick if he was in a position to know whether the defense attorney had worked up his case. Red-dick said that he did not know. Based upon the representation of Reddick’s attorney that he was ready for trial, the trial court denied the motion. The assistant public defender represented Reddick at trial, Reddick never raised the issue again, and his attorney presented a ease for the defense, calling Red-dick’s mother as a witness to provide an alibi for Reddick.
This court’s decision in Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991) mandates reversal. In Matthews, the defendant requested that a new attorney be appointed to represent him because his counsel failed to visit him at the jail or to communicate with him. The trial court found that the defense attorney adequately represented the defendant and, therefore, denied the request for appointment of new counsel. In reviewing the matter, this court held that the trial court first must determine whether adequate grounds exist for the appointment of new counsel. Matthews, 584 So.2d at 1106 (citing Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973)). If the court finds that the defendant’s complaints are meritless, then the trial court has the duty to advise the defendant that the court will not appoint substitute counsel and that the defendant would be exercising his right to self-representation if the court grants the request to discharge his counsel. Matthews, 584 So.2d at 1106-07 (citing Hardwick [v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988)]; Taylor v. State, 557 So.2d 138 (Fla. 1st DCA 1990)). If the defendant persists in having the court discharge his counsel, then the court must conduct an inquiry to determine whether the waiving of the right to court-appointed counsel is knowing and whether the defendant can receive a fair trial if he conducts his own defense. Matthews, 584 So.2d at 1107 (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Hardwick; Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Fla.R.Crim.P. 3.111(d)). In Matthews, this court reversed the conviction because the trial court failed to advise the defendant about his right to self-representation. Here, the trial court never advised Reddick of his right to self-representation. We cannot consider this error to be harmless because the state only argued that the trial court did not err and failed to carry its burden of showing that the error was harmless. See Taylor v. State, 557 So.2d 138 (Fla. 1st DCA 1990).
The trial court revoked Reddick’s probation on the five charges based upon the guilty verdict in the armed robbery case and then imposed sentences thereon. Because we are reversing the armed robbery conviction, we also are compelled to reverse the revocation of probation and vacate the sentences. See Stevens v. State, 409 So.2d 1051, 1052 (Fla.1982).
We comment on one additional matter to aid the trial court when sentencing Reddick if he is convicted again upon retrial. When sentencing a defendant as a habitual felony offender, the trial court shall make specific findings that the preponderance of the evidence establishes the existence of each factor necessary for the imposition of a habitual felony offender. § 775.084(3)(d), Fla.Stat. (1991). See also Livernois v. State, 625 So.2d 973 (Fla. 2d DCA 1993).
Reversed and remanded.
CAMPBELL, A.C.J., and LAZZARA, J., concur.

. At the time of the armed robbery, Reddick was on probation for two charges of burglary, two charges of grand theft, and one charge of petit theft.