655 So.2d 1202 (1995)
Kevin AUGSBERGER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03047.
District Court of Appeal of Florida, Second District.
May 19, 1995.
*1203 Richard C. Reinhart of Reinhart & Moreland, Bradenton, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Angela D. McCravy, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
The appellant, Kevin Augsberger, challenges the judgments and sentences imposed after a jury trial for aggravated battery, retaliating against a witness, and driving while license suspended. Although we affirm, we feel it necessary to address appellant's related contentions that the trial court allegedly erred in failing to conduct an adequate inquiry regarding his desire to discharge court-appointed counsel and in failing to advise him of his right to self-representation.
Just prior to the commencement of jury selection, appellant advised the trial court that he did not feel his court-appointed counsel had "served [him] right" because counsel had only conferred with him on two occasions for brief periods of time. In response to the trial court's pointed question regarding what counsel "hasn't done that he should have done," the appellant stated, "I just don't know. I don't feel he's served me right." After making this statement, appellant requested an opportunity to hire his own counsel.[1] In denying this request, the trial court observed that it did not feel appellant had the necessary funds to hire counsel and that court-appointed counsel was a "competent trial attorney." Appellant then proceeded to trial and was convicted. He was ultimately sentenced as a habitual felony offender for the offenses of aggravated battery and retaliating against a witness.
Appellant claims that our decision in Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991), requires us to reverse and remand for a new trial. He argues that, just as in Matthews, the trial court erred in failing to make an adequate inquiry regarding his request that court-appointed counsel be discharged and in neglecting to advise him of his right to self-representation under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We disagree.
In deciding Matthews, we relied on the decision of Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), in which the court established the procedure a trial court must follow, consistent with an indigent's right to effective representation, when a defendant expresses a desire to discharge court-appointed counsel because of counsel's alleged incompetency. As stated in Nelson:
If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding *1204 to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
274 So.2d at 258-259 (emphasis added). See also Hardwick v. State, 521 So.2d 1071, 1074-1075 (Fla.) (specifically adopting procedure of Nelson), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988).
We also noted in Matthews that if a trial court determines that a defendant's complaints about court-appointed counsel are unfounded, "it is then required to advise the defendant that if his request to discharge his attorney is granted, the court is not required to appoint substitute counsel and the defendant would be exercising his right to represent himself." 584 So.2d at 1106-1107. At this point, if the defendant continues to insist that counsel be discharged, the court must determine under Faretta "whether the defendant is knowingly and intelligently waiving his right to court appointed counsel." 584 So.2d at 1107.
We have held that a trial court's failure to conduct a proper Nelson inquiry constitutes reversible error. Taylor v. State, 605 So.2d 958 (Fla. 2d DCA 1992). However, "[i]n deciding whether a trial court conducted an appropriate Nelson inquiry, appellate courts apply the review standard of abuse of discretion." Kearse v. State, 605 So.2d 534, 536 (Fla. 1st DCA 1992), review denied, 613 So.2d 5 (Fla. 1993). In this case, we find no abuse of discretion.
We find support for this determination in the recent case of Lowe v. State, 650 So.2d 969 (Fla. 1994), in which the supreme court rejected a similar claim that the trial court erred in failing to conduct a Nelson inquiry after the defendant expressed dissatisfaction with his appointed counsel. In Lowe, the defendant's complaint was strikingly similar to that of appellant's in that he felt court-appointed counsel was not doing his best to represent him. Additionally, as in this case, the defendant was unable to articulate any specific reasons for this assertion despite questioning by the trial court. Finally, the trial court, as the trial court here, attempted to reassure the defendant that his appointed counsel was competent to represent him. No further inquiry took place, and the defendant proceeded to trial with appointed counsel and was convicted.
In concluding that the trial court conducted an adequate inquiry under the circumstances presented, the supreme court observed that "[a]s a practical matter, a trial judge's inquiry into a defendant's complaints of incompetence of counsel can be only as specific and meaningful as the defendant's complaint." 650 So.2d at 975. Thus, it determined that no error occurred under Nelson because the "complaints were merely generalized grievances" in which the defendant "could point to no specific acts of counsel's alleged incompetence[,]" despite questioning from the trial court. Id.
As the record reflects in this case, the appellant was also unable to identify in what specific manner court-appointed counsel was not rendering effective assistance, even after the trial court questioned him in that regard. Accordingly, on the basis of Lowe, we conclude that the trial court did not abuse its discretion under the Nelson standard because its inquiry was as "specific and meaningful" as it could have been, given the "generalized grievances" asserted by the appellant which were unsupported by "specific acts of counsel's alleged incompetence."
Furthermore, in our view, appellant's unarticulated belief that counsel was not "serving" him properly was nothing more than an expression of general loss of confidence or trust which, standing alone, does not require withdrawal of counsel. See Johnston v. State, 497 So.2d 863 (Fla. 1986). Moreover, appellant's stated basis for dissatisfaction was obviously founded on what he perceived to be inadequate conferences with his attorney which, without a more specific claim of incompetence, does not require a full Nelson inquiry. Lee v. State, 641 So.2d 164 (Fla. 1st DCA 1994); Kenney v. State, 611 So.2d 575 (Fla. 1st DCA 1992).
*1205 Just as important to our analysis is the critical factor that appellant never made a request for replacement of counsel with another court-appointed counsel, which is the fundamental prerequisite of a Nelson inquiry. As we noted in Matthews, "[w]hen a defendant requests the trial court to discharge his court appointed attorney and replace him with another appointed attorney, the court should first determine whether adequate grounds exist for replacement of the defendant's attorney." 584 So.2d at 1106 (emphasis added). Accord Reddick v. State, 636 So.2d 176 (Fla. 2d DCA 1994). Instead, appellant was only requesting additional time to hire his own counsel. Although not raised, we do not find on this record that the trial court abused its discretion in denying this request. See, e.g., Fuller v. Wainwright, 268 So.2d 431 (Fla. 4th DCA 1972).
Finally, we conclude that the trial court's failure to advise appellant of his right to self-representation does not mandate reversal. Appellant never made an unequivocal request for self-representation, which is the essential prerequisite for a Faretta inquiry. E.g., Watts v. State, 593 So.2d 198 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992). All he was seeking was an opportunity to hire private counsel. Thus, the trial court was not obligated to comply with Faretta. See Weems v. State, 645 So.2d 1098 (Fla. 4th DCA 1994) (where defendant not seeking self-representation, Faretta inapposite).
Accordingly, for the reasons expressed, we affirm appellant's judgments and sentences.
Affirmed.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] We note that appellant's trial took place approximately three months after the filing of the criminal information and that he was on pre-trial release.