658 So.2d 122 (1995)
Benjamin JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00282.
District Court of Appeal of Florida, Second District.
June 30, 1995.
*123 Regina W. Cosper, Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Benjamin Jones appeals the judgments and sentences imposed after a jury trial for attempted robbery with a firearm, aggravated battery with a firearm, and possession of a firearm by a convicted felon. We find merit only in his contentions that the trial court erred in the procedure it followed in *124 denying his requests for discharge of his court-appointed counsel and for self-representation. Accordingly, we are compelled to reverse and remand for a new trial.
Appellant's first trial on these charges ended in a mistrial. Prior to that trial, the appellant complained to the trial court about the ineffectiveness of his court-appointed counsel and, at one point, filed a written motion to discharge his attorney specifically alleging the basis of his complaints. The record does not reflect, however, whether the trial court ever addressed the merits of appellant's allegations, and he proceeded to trial with court-appointed counsel.
Prior to the commencement of jury selection in the second trial, appellant again advised the trial court of his continued dissatisfaction with his court-appointed counsel. He also presented a copy of a complaint he had filed against the attorney with The Florida Bar. Without inquiring of appellant and his attorney about the substance of the complaint, except to have the appellant acknowledge that it was "basically the same stuff" he had discussed with the trial court before the first trial, the trial court immediately asked if the appellant wanted to represent himself. The appellant responded by stating "[w]ell, I'll do that, because I ain't going with [court-appointed counsel]."
The trial court then proceeded to conduct an inquiry based on Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), directed at appellant's ability to represent himself. This inquiry established that the appellant finished the tenth grade, that he could read and write, that he had participated in a jury trial with a lawyer, and that he knew how to select a jury and examine and cross-examine witnesses. At one point during the inquiry, appellant became upset over the fact that a new prosecutor was now handling his case without his knowledge. After the trial court explained that a defendant does not have the right to choose the prosecutor, it then asked appellant if he knew about the burden of proof in a criminal case. The appellant responded: "I don't understand none of this."
The trial court immediately followed this response with a finding under Faretta that the appellant was incapable of representing himself. It also announced that it had reviewed appellant's previous motion to discharge his attorney, as well as the Bar complaint, and had determined that appellant had not demonstrated that his attorney was ineffective. The trial court further observed that it appeared during the first trial that appellant and court-appointed counsel "got along quite well." Appellant then proceeded to trial with court-appointed counsel and was convicted.[1] He was sentenced as a habitual violent felony offender on each count and received concurrent thirty year sentences which included a minimum mandatory term of ten years.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), the court established a procedure which a trial court must follow, consistent with an indigent's right to effective representation, when a defendant expresses a desire to discharge court-appointed counsel prior to trial because of alleged incompetency of counsel. As stated in Nelson:
If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his court appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
Id. at 258-259 (emphasis added). See also Hardwick v. State, 521 So.2d 1071, 1074-1075 (Fla.) (specifically adopting procedure of Nelson), *125 cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988).
We followed Nelson in Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991). We further noted in Matthews that if a defendant's complaints about court-appointed counsel are found to be meritless, a trial court "is then required to advise the defendant that if his request to discharge his attorney is granted, the court is not required to appoint substitute counsel and the defendant would be exercising his right to represent himself." Id. at 1106-1107. We also observed that if the defendant, in the face of this advice, continues to persist in a desire to discharge counsel, the trial court must determine under Faretta whether the defendant is knowingly and intelligently waiving the right to court-appointed counsel. Accord Reddick v. State, 636 So.2d 176 (Fla. 2d DCA 1994).
We have also held that a trial court commits reversible error in failing to conduct the inquiry required by Nelson. Johnson v. State, 629 So.2d 1050 (Fla. 2d DCA 1993); Taylor v. State, 605 So.2d 958 (Fla. 2d DCA 1992). The trial court's failure, in that regard, is subject to review under the abuse of discretion standard. Kearse v. State, 605 So.2d 534 (Fla. 1st DCA 1992), review denied, 613 So.2d 5 (Fla. 1993).
We conclude in this case that the trial court abused its discretion in failing to conduct an appropriate inquiry under Nelson. As the record reflects, it never inquired of the appellant and his court-appointed counsel as to whether there was reasonable cause to believe that counsel was being ineffective. Perkins v. State, 585 So.2d 390, 392 (Fla. 1st DCA 1991) (Nelson requires trial court to examine both defendant and counsel). Nor did the trial court ever make any adequate findings on the record as to why it was summarily denying appellant's request for discharge of counsel, except to note that it found the reasons set forth in the motion and the Bar complaint[2] to be unpersuasive and that appellant and his counsel appeared to relate well to each other during the first trial.
Furthermore, even if appellant's reasons for removing counsel were baseless, the trial court failed to advise him, as required by Matthews, 584 So.2d 1105, that if he continued to persist in his desire to discharge counsel, substitute counsel would not be appointed and he would be exercising his right of self-representation. Instead, the trial court immediately launched into a Faretta inquiry. See also Perkins v. State, 585 So.2d 390 (Fla. 1st DCA 1991) (even if trial court conducted adequate inquiry in finding counsel competent, trial court still obligated to advise defendant (1) attorney could be discharged, (2) state not required to appoint substitute counsel, and (3) defendant had right to represent himself).
We also conclude that the trial court's determination that the appellant was incapable of representing himself was an abuse of discretion and, therefore, reversible error. Crystal v. State, 616 So.2d 150 (Fla. 1st DCA 1993). While it is true that the appellant responded that he did not understand "none of this" after the trial court asked him about the burden of proof, that statement of confusion, when analyzed in the context of the proceedings, clearly related to the appellant's agitated state of mind in not being advised that a new prosecutor was handling his case.
Moreover, in addition to not inquiring more fully as to the appellant's age, mental condition, education, and lack of knowledge and experience in criminal proceedings, Taylor, 605 So.2d 958, the trial court failed to explore with the appellant the complexities of a jury trial, the dangers and disadvantages of self-representation, the seriousness of the *126 charges pending against him, and the potential sentences facing him upon conviction, which included minimum mandatory sentences as a habitual violent felony offender. E.g., Taylor v. State, 610 So.2d 576 (Fla. 1st DCA 1992). Without such warnings, Faretta's mandate that the record establish that a defendant has knowingly and intelligently exercised the right of self-representation "with eyes open" cannot be fulfilled.[3]
We recognize the burden placed on a trial court by Nelson and Faretta when confronted by a defendant, who is often obstreperous, claiming ineffective assistance of court-appointed counsel. We realize that the procedures mandated by these cases will often involve a tedious and time-consuming process designed to test the frustration and patience level of the most able trial judge, especially when the request for discharge comes on the day of trial and a jury venire of inconvenienced citizens is impatiently waiting in the courthouse for the jury selection process to begin. We must emphasize, however, the importance of strict adherence to these requirements and the real potential for reversal should they not be followed, thereby resulting in a needless expenditure of judicial resources.
Reversed and remanded for new trial.
FRANK, C.J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I reluctantly agree that this case must be retried because the trial judge, when confronted on the bench by a defendant making renewed, but generalized, complaints about his attorney, was not prepared to handle the complex, multi-faceted hearing now required to satisfy the requirements of a combined Nelson and Faretta inquiry. I question whether I would have handled the hearing with any greater skill.
From this record, I see no evidence that Mr. Jones's attorney failed to represent him adequately. I also see nothing that convinces me that Mr. Jones had even the rudimentary knowledge or skill required to represent himself in such a serious case. These observations are irrelevant to our decision because the failure to conduct an adequate Nelson or Faretta hearing is a structural error in the trial which we must properly treat as per se error. State v. Young, 626 So.2d 655 (Fla. 1993).
Because these mistakes are per se error, it is vitally important that our trial judges be equipped to handle these technical hearings without difficulty. I share Judge Barfield's lament that a "litany" may seem necessary to fulfill these requirements, but Judge Kahn is correct that trial judges need to establish a mechanism to avoid per se error. See Dortch v. State, 651 So.2d 154 (Fla. 1st DCA 1995) (Barfield, J., dissenting); Payne v. State, 642 So.2d 111 (Fla. 1st DCA 1994) (Kahn, J., concurring). Florida Rule of Criminal Procedure 3.111 is not intended to fulfill this function. I would strongly encourage the Florida Court Education Council to give high priority to an educational program on this topic with the aim of developing an insert for every county and circuit court judge's bench book. The trial bench needs a concise outline to assist it in: (1) addressing the necessary issues, (2) announcing the necessary conclusions of law with supporting findings of fact, and (3) providing the defendant the appropriate advice. See generally Bench Book for United States District Judges § 1.02-2 to -5 (3d ed. 1986); Randall B. Bateman, Federal and State Perspectives on a Criminal Defendant's Right to Self-Represent, 20 J.Contemp.L. 77 (1994).
Until the circuit judges create their own format, I offer the following outline for each inquiry with the hope that this approach will be useful to the trial bench when faced with this difficult problem:

A NELSON INQUIRY  ADEQUACY OF APPOINTED COUNSEL
IF THE DEFENDANT COMPLAINS ABOUT COURT-APPOINTED COUNSEL *127 AND IMPLIES THAT THE ATTORNEY SHOULD BE DISCHARGED:
1. Resolve any doubt about the need for a Nelson inquiry in favor of an inquiry.[1]
2. Ask the defendant whether he or she is requesting to discharge the attorney.[2]
3. If the defendant indicates a desire to discharge the attorney, ask for the reasons why he or she wishes to discharge the attorney.
4. If the defendant's explanation could reasonably be interpreted as a layperson's allegation of incompetence, then
a. Make a further inquiry of the defendant to determine whether there is reasonable cause to believe that court-appointed counsel is not rendering effective representation;[3]
AND
b. Make a similar inquiry of the defendant's counsel to determine whether the attorney is rendering effective representation.[4] This inquiry should include:
(1) The extent of counsel's investigation of the facts.
(2) Counsel's knowledge of pertinent law.
(3) The presence or absence of influence or prejudice.
(4) Any other factor material to the specific case.
5. If you find "reasonable cause to believe that the court-appointed counsel is not rendering effective assistance to the defendant,"[5] then
a. Make that finding on the record and appoint substitute counsel.
b. Give the new attorney adequate time to prepare the defense.[6]
6. If you find "no reasonable cause to believe that counsel is rendering ineffective representation," then
a. Make that finding on the record,[7] and
b. Advise the defendant that:
(1) The court will not replace the attorney;
(2) If the defendant chooses to discharge the attorney, then the state will not be required to appoint a substitute;
AND
(3) If the defendant chooses to discharge the attorney, then the court will *128 treat that decision as an exercise of the defendant's right of self-representation.[8]
7. If the defendant fails to make an unequivocal request for self-representation, then the trial may proceed with the defendant represented by the original attorney.[9]
8. If the defendant makes a request for self-representation, conduct a Faretta inquiry.
A FARETTA INQUIRY  REQUEST TO REPRESENT ONE'S SELF
IF THE DEFENDANT UNEQUIVOCALLY REQUESTS SELF-REPRESENTATION:
1. When in doubt about the need for a Faretta inquiry, conduct the inquiry.
2. Determine whether the defendant is "knowingly and intelligently waiving his or her right to court-appointed counsel."
a. CAUTION: THIS IS A WAIVER OF RIGHTS DETERMINATION, NOT A DETERMINATION OF WHETHER THE DEFENDANT COULD ADEQUATELY REPRESENT HIMSELF OR HERSELF.[10]
b. The inquiry on the record should include:
(1) Defendant's age
(2) Mental status
(3) Education
(4) Experience
(5) Dangers and disadvantages of self-representation, including:
(a) the nature and complexity of the case;
(b) the seriousness of the charges;
(c) the potential sentence;
(d) the possibility of sentence enhancement, including a habitual felony offender sentence.
c. Consider any other important case-specific factor.[11]
3. If the court determines that the defendant is "not knowingly and intelligently waiving his or her right to counsel," then
a. The court should explain on the record the preceding factors that caused its decision, and
b. Proceed to trial with appointed counsel.
4. If the court determines that the defendant has "knowingly and intelligently waived his or her right to counsel," then the court must next determine whether the defendant would "be deprived of a fair trial if permitted to conduct his or her own defense."
a. The factors for this decision are interrelated with the factors in paragraph 2.b. above.
b. The ability to represent one's self is affected by additional factors such as:[12]
(1) Whether the defendant has studied law, formally or informally.

*129 (2) Whether the defendant has represented himself or herself in another criminal proceeding.
(3) Whether the defendant has watched a complete criminal trial in a courtroom.
(4) Whether the defendant knows how to select a jury.
(5) Whether the defendant knows the purpose of an objection and how to make one.
(6) Whether the defendant knows the elements of the primary offense in the information.
5. If the court determines that the defendant "would not be deprived of a fair trial if permitted to conduct his or her own defense," the court should:
a. State the reasons for that determination on the record;
b. Proceed to trial with the defendant representing himself or herself;
AND
c. Renew the offer of court-appointed counsel at each "subsequent" or "crucial" stage of the proceedings at which the defendant appears without counsel.[13]
6. If the court determines that the defendant would "be deprived of a fair trial if permitted to conduct his or her own defense," the court should:
a. State the reasons for that determination on the record.
b. Proceed to trial with the defendant represented by the original court-appointed counsel.
NOTES
[1] Appellant, obviously upset at the trial court's rulings, voluntarily absented himself from the jury selection process, opening statements, and a portion of the first witness's testimony.
[2] Because the record does not contain a copy of this complaint, we are unable to assess whether its allegations were directed toward incompetency of counsel, which would necessitate a full Nelson inquiry, or whether its allegations were based on other grounds, which would not require such a comprehensive inquiry. See, e.g., Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990) (where incompetency of counsel is not the basis for defendant's motion to discharge, trial court not required to conduct full inquiry required by Nelson). We note, however, that an indigent defendant's act of filing a Bar complaint against court-appointed counsel does not automatically create a conflict situation requiring the appointment of new counsel. Boudreau v. Carlisle, 549 So.2d 1073 (Fla. 4th DCA 1989), cause dismissed, 557 So.2d 866 (Fla. 1990).
[3] We note, ironically, that had the trial court allowed appellant to represent himself, and had appellant raised the sufficiency of the Faretta inquiry on appeal, we would have been compelled to reverse. State v. Young, 626 So.2d 655 (Fla. 1993) (improper Faretta inquiry not subject to harmless error rule thus requiring reversal).
[1] The precise complaint that is sufficient to invoke the need for a hearing is variously described in the case law. See Lowe v. State, 650 So.2d 969 (Fla. 1994); Augsberger v. State, 655 So.2d 1202 (Fla. 2d DCA 1995); Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991). Unlike the Faretta right of self-representation, the Sixth Amendment right to competent counsel is "automatic." Stano v. Dugger, 921 F.2d 1125 (11th Cir.1991). Because the failure to make a Nelson inquiry is per se error, resolve your doubts in favor of a hearing.
[2] The case law suggests that the defendant must indicate a desire both to discharge the attorney and to receive a replacement. Augsberger, 655 So.2d at 1204-05. This outline is intentionally more restrictive than case law in an effort to avoid reversals.
[3] The extent of this inquiry will depend on the circumstances of each case. A lengthy inquiry may often be unnecessary, but extreme brevity will provide a poor record for appellate review.
[4] It is possible that you may be permitted to dispense with the inquiry of the attorney if the defendant has not given any basis worthy of further investigation. Again, because of the per se error rule, you should assume that skipping this step risks reversal. A defense attorney may have legitimate concern that the inquiry invades the attorney-client privilege or opens certain tactical issues to disclosure. Questions may need to be carefully tailored to avoid these problems. Occasionally, an in camera inquiry may be useful.
[5] The language in quotations is obtained from case law. It is helpful to use these phrases, rather than to create unique phrases, even though this language tends to be conclusory. Additional case-specific findings are frequently a good idea.
[6] There are issues arising from a competing demand for speedy trial that should not be overlooked in this inquiry. See Fla.R.Crim.P. 3.191. Case law does not seem to establish any concise format to address these issues, but the trial court must attempt to give due consideration to both issues. See generally Stewart v. State, 491 So.2d 271 (Fla. 1986); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
[7] In addition to the mechanical finding, a case-specific explanation is a good idea.
[8] The third item of advice is not expressly stated in Nelson, but is described in Matthews, 584 So.2d at 1107.
[9] The case law holds that the decision to represent one's self is not an "automatic" Sixth Amendment right, but rather a matter that must be requested. Stano, 921 F.2d at 1143; Dorman v. Wainwright, 798 F.2d 1358 (11th Cir.1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1616, 94 L.Ed.2d 801 (1987); Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), rev'd on other grounds, 216 So.2d 749 (Fla. 1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969). It is safer to accept any questionable request by the defendant at the conclusion of a Nelson hearing as a request for self-representation.
[10] See Godinez v. Moran, ___ U.S. ___, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).
[11] For example, if a defendant has demanded speedy trial and wishes to waive counsel, the trial court may want to conduct a further inquiry. However, caution should be taken in many cases not to condition a waiver of counsel upon a waiver of speedy trial.
[12] Usually, it is easy to ask a defendant legal questions that he or she cannot answer. Caution should be used in denying the right to represent one's self on the defendant's failure to pass an informal bar exam. These questions may, however, be helpful in convincing a defendant that self-representation could be a mistake. Additional questions can be located in the Bench Book for United States District Judges, § 1.02-2 to -5 (3d ed. 1986).
[13] See Fla.R.Crim.P. 3.111(d)(5) (offer of assistance of counsel shall be renewed by the court at each "subsequent" stage); Traylor v. State, 596 So.2d 957 (Fla. 1992) (court should renew offer at least at each "crucial stage"). See also Jones v. State, 650 So.2d 1095 (Fla. 2d DCA 1995).