PER CURIAM.
Leonard Gillyard appeals his conviction for grand theft, asserting the trial court erred by failing to conduct an adequate inquiry regarding his self-representation as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and raising several other issues. Because the court’s Faretta inquiry was inadequate, we reverse and remand for a new trial. Accordingly, Gillyard’s other issues are moot.
At Gillyard’s initial arraignment, the trial court questioned him as follows:
COURT: Have you spoken to a Public Defender this morning?
GILLYARD: Yes, I did, Your Honor, but I do not choose to be represented by the Public Defender.
COURT: Can you hire an attorney to represent you, Mr. Gillyard?
GILLYARD: I prefer to represent myself.
COURT: Mr. Gillyard, let me caution you on something. You’ve been charged with one count of grand theft third degree, which is a third degree felony. It carries a maximum sentence of five years in the Florida State Prison. This is a very serious charge that you face. Are you sure you don’t want the Public Defender to represent you?
GILLYARD: I’m positive. I’m aware of the charge.
COURT: And you feel that you can represent yourself?
GILLYARD: Yes, Your Honor, I do.
COURT: Have you ever been charged in the past with a crime?
GILLYARD: Yes, Your Honor, I have.
COURT: I’ll allow you to represent yourself at this time, Mr. Gillyard, but I want you to understand how serious these charges are against you.
GILLYARD: Respectfully, I understand.
Gillyard subsequently appeared before the court at a status conference, several brief hearings, the pretrial conference, and a two-day trial. At no time during any of these appearances did the court address with Gillyard the dangers and disadvantages of self-representation beyond the above brief discussion at the initial arraignment.
Faretta requires that a defendant’s decision to represent himself be made knowingly, intelligently, and in such a manner that “the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ” Faretta, 422 U.S. at 835, 95 S.Ct. at 2541, (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, *167 87 L.Ed. 268 (1942)). “To achieve a valid waiver, a defendant must be made aware of the dangers and disadvantages of self-representation.” Hill v. State, 688 So.2d 901, 904 (Fla.1996). In addition to the requirements of Faretta, the Florida Rules of Criminal Procedure require the court to conduct a thorough inquiry before accepting a defendant’s waiver of assistance of counsel. See Fla. R.Crim. P. 3.111(d).
The trial court failed to adequately “explore with the appellant the complexities of a jury trial, [and] the dangers and disadvantages of self-representation.” Jones v. State, 658 So.2d 122, 125 (Fla. 2d DCA 1995). The court erred by not conducting a sufficiently thorough Faretta examination of Gill-yard on the record. Failure to conduct a proper Faretta inquiry is reversible error, and is not subject to the harmless error rule. See Vera v. State, 689 So.2d 389, 391 (Fla. 2d DCA 1997).
The State’s assertion that this court’s en banc decision in Bowen v. State, 677 So.2d 863 (Fla. 2d DCA 1996), approved, 698 So.2d 248 (Fla.1997), overruled Jones is incorrect. In Bowen, this court stated “[t]he trial court may not force a lawyer upon a defendant.” 677 So.2d at 865. However, Bowen in no way abrogated the trial court’s responsibility to determine that a defendant “had made an uncoerced election, and he had been informed of the perils of self-representation.” Bowen, 677 So.2d at 865.
Unlike Bowen, the issue here is not whether Gillyard was competent to represent himself, but whether the court sufficiently reviewed with Gillyard the complexities of self-representation so that the decision to represent himself was knowing and intelligent. A Faretta inquiry is not conducted to enable the trial judge to decide whether a defendant possesses the ability to provide competent self-representation. The primary purpose of a thorough Faretta examination is to assist a defendant in making an informed and intelligent choice by alerting him or her to the difficulties of navigating the legal system. See Hill, 688 So.2d at 905.
The trial court failed to sufficiently explore with Gillyard the issues necessary to conduct a proper Faretta inquiry at any phase of the proceedings. Accordingly, we reverse Gill-yard’s conviction and remand for a new trial.
Reversed and remanded.
QUINCE and WHATLEY, JJ„ concur.
BLUE, A.C.J., concurs specially with opinion.