PER CURIAM.
Mark Buehler (defendant), appeals the lower court’s final judgment of guilt and five month sentence for indirect criminal contempt.
On October 9, 1997, the defendant was ordered to appear in court on November 3, 1997, to show cause why he should not be held in contempt for failure to pay child support. On November 20, 1997, the defendant appeared and indicated that he wished to hire an attorney. The court informed him that a public defender had been appointed to represent him. On November 21, 1997, the court entered another order to show cause, which was subsequently amended, ultimately setting the hearing for February 20, 1998. On February 18, 1998, the defendant, through his public defender, moved to continue the hearing. The trial court reset the matter for April 22, 1998. On that day, the public defender and counsel for the state were present, but the defendant failed to appear. The court ordered bodily attachment of the defendant, who was taken into custody on May 7,1998.
On May 8, 1998, the matter came before the court. The defendant and his public defender were present. The court announced its intent to have the public defender represent the defendant, but the defendant asserted that he did not want the public defender to represent him because he did not believe the public defender was qualified to do so. The defendant requested another continuance, which was denied. The trial court then conducted the scheduled hearing, ultimately found the defendant in indirect criminal contempt and sentenced him to serve a five month jail sentence. The defendant’s sole issue on appeal is that the trial court erred by failing to conduct a hearing pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We agree and reverse.
12] The law is clear that when an indigent defendant seeks to discharge his or her court appointed counsel the trial court is obligated to conduct a hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). See also Hardwick v. State, 521 So.2d 1071 (Fla.1988)(specifically adopting procedure of Nelson). Under Nelson, the court must first determine whether the defendant’s complaint against counsel is meritorious. If it is, then a new attorney should be appointed. If it is not, the defendant must then be advised that if his request to discharge counsel is granted the court is not obligated “to appoint substitute counsel and the defendant would be exercising his right to represent himself.” Matthews v. State, 584 So.2d 1105, 1106-07 (Fla. 2d DCA 1991). This done, “if the defendant continues to insist that counsel be discharged, the court must determine under Faretta ‘whether the defendant is knowingly and intelligently waiving his right to court appointed counsel’ ” Augsberger v. State, 655 So.2d 1202, 1204 (Fla. 2d DCA 1995)(quoting Matthews, 584 So.2d at 1107).
In this case, the trial court correctly refused to appoint another lawyer and was well within its rights to deny the defendant yet another delay in the case. See Branch v. State, 685 So.2d 1250 (Fla.1996); Mills v. State, 280 So.2d 35 (Fla. 3d DCA 1973). The court, however, did not advise the defendant that if the public defender was discharged no substitute counsel would be appointed. It further failed to conduct a Faretta hearing before allowing the defendant to represent himself.' Accordingly, the defendant’s conviction and sentence for indirect criminal contempt of court is reversed and this cause is remanded for a new hearing on the order to show cause.