735 So.2d 552 (1999)
Donald MERELUS, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-206.
District Court of Appeal of Florida, Third District.
June 2, 1999.
John H. Lipinski, Hollywood, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands and Linda S. Katz, Assistant Attorneys General, for appellee.
Before COPE, GREEN and SORONDO, JJ.
SORONDO, J.
Donald Merelus (defendant) appeals from a final judgment of conviction and life sentence.
The defendant was charged by indictment with first degree murder and attempted armed robbery. He gave the police a stenographic statement wherein he acknowledged his agreement with two men, Jack and Joseph, to park across the street from a store, which they would rob, and drive the car in exchange for some of the money. The motion to suppress the statement was denied.
The defendant does not challenge the legal sufficiency of the evidence presented against him but raises two claims of error. We find only one deserving of discussion. Defendant argues that the trial judge failed to conduct a proper Nelson[1] inquiry when he complained about his court appointed lawyer. We disagree.
As is becoming disturbingly common, on the day of trial, defense counsel advised the trial judge that the defendant was not happy with his representation. Counsel advised the court that he had *553 strongly recommended that the defendant accept the state's plea offer of a reduction of the charge from first to second degree murder and a sentence of fifteen years with no minimum mandatory sentence provision, that the defendant had not been receptive to the idea and that the defendant now wanted a new lawyer. Having heard from counsel, the court then addressed the defendant and the following exchange occurred:
THE COURT: [Counsel] told me you want a new lawyer; tell me why.
THE DEFENDANT: I don't think it is fair that he represents me; do you understand what I am saying?
THE COURT: No, I don't.
THE DEFENDANT: I have been trying to reach him all the time, he doesn't get my calls.
Everytime [sic] I asked him to do something for me, he would not do it.[2]
THE COURT: You have to be more specific, he would not do it; what?
THE DEFENDANT: What I talked to him he hangs over my face, I don't think it would be fair for him to bring me to trial.
THE COURT: Anything else?
THE DEFENDANT: He tried to fuss me to take a plea on something that I didn't do. He did not believe me on what I said, I don't need anybody like that two [sic] represent me.
THE COURT: Anything else?
THE DEFENDANT: That's what I have to say.
THE COURT: Your attorney is obligated by law, if somebody offers a plea, he has to tell you about it, he has the right to tell you what he thinks the case stands for, he has the right to tell you what he thinks the jury will do, how good or bad the case is.
I understand you are not happy, at this point your motion for a new attorney is denied.
In Hardwick v. State, 521 So.2d 1071 (Fla.1988), the Supreme Court of Florida approved the Fourth District Court of Appeal's decision in Nelson, which established the procedure a trial judge must follow when an indigent defendant seeks to discharge court-appointed counsel. Specifically, Nelson said:
If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
274 So.2d at 258-59 (emphasis added). We begin our analysis by noting that the defendant in this case at no time suggested that his attorney was incompetent or ineffective. The closest he came to making such a statement was when he said: "Everytime [sic] I asked him to do something for me, he would not do it." Realizing the *554 potential importance of this statement, the trial judge sought a clarification and asked the defendant to specify exactly what counsel had failed to do. The defendant could not specify what counsel had refused to do and responded, "What I talked to him he hangs over my face, I don't think it would be fair for him to bring me to trial." Although given other opportunities to clarify the nature of his complaint, the defendant failed to do so. On this record, we do not believe the defendant ever told the court that he wanted a new lawyer on the grounds that his appointed lawyer was incompetent. Indeed, a reading of the entire transcript suggests that the defendant's general grievances were little more than an expression of his frustration over the fact that his lawyer strongly recommended that he accept the plea bargain extended by the state. Because no allegation of incompetence of court appointed counsel was ever made by the defendant, we conclude that the trial judge was not under an obligation to conduct a Nelson inquiry. See Gaines v. State, 706 So.2d 47 (Fla. 5th DCA 1998).
Even if we were to conclude that the defendant's unspecific expression of frustration was sufficient to trigger the need for a Nelson inquiry, the trial judge's questions were more than sufficient given the nature of the defendant's generalized complaint. In Lowe v. State, 650 So.2d 969 (Fla.1994), the Supreme Court of Florida was confronted with a similar situation. There, the defendant told the trial judge that he felt that his appointed counsel was not doing his best to represent him. The trial judge tried to get the defendant to specify the exact nature of his complaint with no success. Ultimately, the defendant told the judge, "Never mind ... Just forget it man." Later in the same pretrial hearing the judge again tried to get the defendant to clarify his complaint and reassured him that his attorney was working on his case. No further clarification was made. The Supreme Court concluded as follows:
After having reviewed the relevant portions of the record, we find that the trial judge conducted an adequate inquiry under the circumstances of this case. As a practical matter, a trial judge's inquiry into a defendant's complaints of incompetence of counsel can be only as specific and meaningful as the defendant's complaint.

Id. at 975 (emphasis added). See also Howell v. State, 707 So.2d 674 (Fla.), cert. denied, ___ U.S. ___, 118 S.Ct. 2381, 141 L.Ed.2d 747 (1998); Augsberger v. State, 655 So.2d 1202 (Fla. 2d DCA 1995). Assuming that a Nelson inquiry was called for in this case, we conclude that the trial judge's inquiry was "as specific and meaningful as the defendant's complaint." Lowe, 650 So.2d at 975.
The defendant relies on this Court's recent decision in Buehler v. State, 724 So.2d 171 (Fla. 3d DCA 1998). Although the facts in Buehler are clearly distinguishable from those of this case, the differences are not easily discernible due to the brevity of that opinion's factual recitation. We take this opportunity to clarify the facts which led to this Court's decision in that case. In Buehler, the defendant specifically advised the trial judge that he did not feel that his appointed public defender was qualified to represent him because the attorney had never before handled a hearing like the one he was facing. He asked the court for a continuance so that he could hire a private attorney. The continuance was denied. Having established that the defendant did not want a public defender the trial judge warned him that he was facing a possible jail sentence. The defendant responded, "I've done some of the legwork on this already." Having refused the services of appointed counsel, knowing that his request for a continuance to secure private counsel had been denied, and having advised the judge that he had performed some of the "legwork," i.e. investigation or trial preparation, at that point it was absolutely clear that the defendant intended to represent himself and the trial *555 judge was required to conduct a Faretta[3] hearing. In the present case, the defendant never alleged incompetence on the part of his appointed lawyer. More significantly, and unlike Mr. Buehler, he never indicated in any way that he wanted or intended to represent himself. In the absence of any such indication the trial judge was not required to inquire further than he did.
Affirmed.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] During his lengthy discussion with the trial court, defense counsel explained that he had spoken with the defendant on numerous occasions. He further explained that he had instructed his office not to accept collect telephone calls from his clients in jail when he was not in the office to receive them. This seems to be an eminently reasonable policy. As concerns the sufficiency of the defendant's grievance in this context, we note that a complaint based on inadequate conferences with counsel, without a more specific claim of incompetence, does not require a full Nelson inquiry. See Augsberger v. State, 655 So.2d 1202 (Fla. 2d DCA 1995); Lee v. State, 641 So.2d 164 (Fla. 1st DCA 1994); Kenney v. State, 611 So.2d 575 (Fla. 1st DCA 1992).
[3] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).