ALTENBERND, Judge,
Concurring.
Recently, this court has had a resurgence of criminal appeals in which defendants challenge the adequacy of the trial court’s Nelson hearing. This procedural error is treated as a structural or per se error that requires a new trial even when the trial court has made a good faith effort to accommodate the defendant but has failed to address all of the requirements of Nelson. This regrettably is such a case.
In the mid-1990s, this court encouraged the circuit court conference to create a section in the criminal bench book addressing Nelson and Faretta[1] hearings. See Gillyard v. State, 704 So.2d 165, 167-69 (Fla. 2d DCA 1997) (Blue, Acting C.J., concurring) (suggesting questions for trial *1212 courts to ask defendants during a Faretta hearing); Jones v. State, 658 So.2d 122, 126-29 (Fla. 2d DCA 1995) (Altenbernd, J., concurring) (containing a plausible outline to assist trial courts with complying with Nelson and Faretta). The 2008 Criminal Bench Book contained a section on Faretta hearings, but I am unaware of any current outline to assist judges with Nelson hearings. Given that the circumstances of the typical Nelson hearing are often frustrating even for the most patient and experienced trial judge, I continue to believe that a bench book colloquy would help prevent new trials.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).