# Third District Court of Appeal
## State of Florida

Opinion filed June 2, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-325
Lower Tribunal No. F16-22109
_____

**Eddie Deshazior,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Carlos J. Martinez, Public Defender, and James A. Odell, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

FERNANDEZ, J.

The defendant, Eddie Deshazior, appeals his conviction and sentence of life in prison following a jury trial. We agree with the trial court that Deshazior never made an unequivocal request to represent himself and thus affirm the trial court's judgment and sentence.

On September 20, 2016, Deshazior was involved in an armed robbery in Miami-Dade County, Florida. In December 2016, the State of Florida charged him by information with four counts of robbery with a deadly weapon or firearm in violation of sections 812.13(2)(a) and 775.087, Florida Statutes (2016), a first-degree felony punishable by life in prison.

A jury trial was held in October 2019.  Right before the trial began, on October 1, 2019, Deshazior's counsel told the trial court that Deshazior rejected the State's plea offer and wanted to request new counsel. The trial court asked what the reason was for the request for new counsel and conducted its inquiry under Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973). The following exchange took place:

> THE COURT: So, Mr. Deshazior, you haven't given me any reason why [your counsel] should not continue to represent you. She's done her work. She's prepared. She's ready.
>
> THE DEFENDANT: What work she did?
> …
>
> THE COURT: She had to exercise her professional judgment and review your case, review the file, review the depositions that were taken etcetera. She's your attorney unless you want to

2

represent yourself. I mean, that's your alternative because you haven't demonstrated to me why she shouldn't continue on –

…

THE COURT: Do you want to represent yourself?

THE DEFENDANT: I need another - - attorney.

THE COURT: You're not going to get another court appointed attorney. So, do you want - -

THE DEFENDANT: I want - -

THE COURT: - - to represent yourself?

THE DEFENDANT: - - on my own.

THE COURT: Not now you're not. Not now you're not. You wanted to get your own, you should've done that a long time ago, not on the day of trial. Not on the day of trial.

THE DEFENDANT: This is a conflict issue. I can tell you I'm not - -

THE COURT: Do you want to represent yourself at trial today or do you want to be in the able hands of this attorney? Okay. I've heard no response from Mr. Deshazior. So I'm making a finding on the record - -

THE DEFENDANT: On the record what?

THE COURT: Court finds no reasonable cause to believe that his court appointed attorney is rendering ineffective representation. So, she will continue on as his attorney because Mr. Deshazior has not indicated to me unequivocally that he wishes to represent himself. …

Deshazior then proceeded to trial with the assistance of counsel.

Thereafter, the jury found Deshazior guilty of three counts of armed robbery. The trial court sentenced him to life in prison as a prison release reoffender. Deshazior moved for a new trial, which the trial court denied. Deshazior now appeals, contending that the trial court failed to treat his request to discharge his attorney as an unequivocal request to represent himself. Because the record reflects that Deshazior did not unequivocally state that he wanted to represent himself, we affirm the trial court's judgment and conviction.

"Under the United States Supreme Court's ruling in Faretta [v. California, 422 U.S. 806 (1975)], an accused has the right to self-representation at trial." Tennis v. State, 997 So. 2d 375, 377 (Fla. 2008) "Faretta requires that a defendant's decision to represent himself be made knowingly, intelligently, and in such a manner that 'the record will establish that he knows what he is doing and his choice is made with eyes open.' " Gillyard v. State, 704 So. 2d 165, 166 (Fla. 2d DCA 1997) (quoting Faretta, 422 U.S. at 835). "Reversal is required where a defendant unequivocally requests to represent himself and the trial court denies the request without determining—after conducting a proper Faretta inquiry—that the choice of self-representation was not made knowingly and intelligently." Goldsmith v. State, 937 So. 2d 1253, 1256-57 (Fla. 2d DCA 2006).

However, "[B]efore the trial court can make a decision whether to permit the defendant to proceed pro se, the defendant's request for self-representation must be unequivocal." Tennis, 997 So. 2d at 378. Even though a defendant may unequivocally request to represent himself, the right may be waived through the defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether. Brown v. Wainwright, 665 F. 2d 607, 611 (5th Cir. 1982) (finding that right to self-representation was waived where the defendant conceded that at some point after his request to represent himself he asked counsel to continue his representation and counsel's statement that he and the defendant had worked out their differences). In addition, a waiver occurs if it is reasonably shown that the defendant has abandoned an initial request for self-representation. Kearse v. State, 605 So. 2d 534, 537 (Fla. 1st DCA 1992).

The portion of the transcript indicating the exchange that took place between Deshazior and the trial court right before voir dire demonstrates that Deshazior's request was equivocal. The trial court asked him three times if he wished to represent himself in the proceedings, but Deshazior did not answer that he wanted to represent himself. The exchange reflects that the defendant was worried about representing himself and proceeding on his own, which is why he never answered the trial court's question when he was

5

asked whether he wanted to proceed pro se. Thus, he did not indicate to the trial court unequivocally that he wanted to represent himself. The trial court finished up the Nelson hearing by finding there was no reasonable cause to believe that Deshazior's court-appointed attorney was rendering ineffective representation. The trial court then stated, "So, she will continue on as his attorney because Mr. Deshazior has not indicated to me unequivocally that he wishes to represent himself." Thereafter, the defendant allowed his attorney to represent him during trial, and no issue regarding the attorney's representation was brought up again during the four-day trial. Thus, Deshazior chose to allow his counsel to represent him during trial instead of appearing pro se.

Deshazior cites to Pasha v. State, 39 So. 3d 1259 (Fla. 2010), and Weaver v. State, 894 So. 2d 178, 191 (Fla. 2004), in support of his position. However, the case before us is not controlled by Pasha or Weaver because those two cases are factually distinguishable.

In Pasha, approximately one week before trial, the defendant moved to discharge his counsel. Id. at 1259. The trial court held a Nelson hearing, at which time the defendant raised the issue of wanting to proceed pro se and stated, "As a right-I have a right not to have a lawyer to sit with me if I don't want to." Id. at 1260. In addition, on the morning of jury selection, the

defendant filed a written motion to proceed pro se, stating in part the following, "Khalid A. Pasha, pro se, has filed this motion with this honorable court for Petitioner to proceed pro se, and not allow Mr. Nick J. Sinardi to furtherance his negligent, and service on the above style case [sic]." Id. The defendant further orally told the trial court he wanted to proceed pro se. Id.

In Weaver, the defendant sought appointment of new counsel before trial. Weaver, 894 So. 2d at 191. The trial court conducted a Nelson hearing and found that counsel was effective. Thus, Weaver was not entitled to substitute counsel if he discharged his current counsel. Id. The trial court asked the defendant if he wanted to keep his current counsel or if he wanted to discharge his counsel. The trial court then stated:

> Because if you do not want [current counsel] to represent you, this Court would not be in a position to appoint you another attorney.... If you can afford an attorney of your own, you have that right to retain private counsel. And if you decide not to have [current counsel] represent you, then you will need to determine whether or not you are competent yourself to represent yourself in this matter.

Id. at 191-92. The defendant then stated he could not proceed with current counsel and did not want current counsel's assistance. Id. at 192. The trial court then determined that the defendant could not afford a private attorney and conducted a Faretta inquiry. The court decided that the defendant was knowingly and intelligently waiving his right to appointed counsel. Id. at 192-

7

93. In the case before us, Deshazior did not discharge counsel after the trial court found that his attorney was providing effective counsel.

Thus, unlike in Pasha and Weaver, in the case before us, Deshazior was given a clear opportunity to unequivocally request to represent himself but instead equivocated by demonstrating a concern about representing himself. In that conversation, although the judge and defendant seem to be speaking over each other from time to time, the clear part of the discussion indicated that Deshazior was not satisfied with his lawyer and that he wanted another attorney. The trial court specifically asked the defendant if he wanted to represent himself at trial or keep his lawyer. The defendant did not answer the trial court's question; thus, he never made an unequivocal request to represent himself.

Based on the circumstances of this case, we conclude that defendant never made an unequivocal request to represent himself despite having been asked directly by the court whether he wished to do so, and instead proceeded to trial with his assigned counsel without further objection. Accordingly, we affirm the trial court's judgment of conviction and sentence.

Affirmed.