SUAREZ, J.
 

 Joseph Hearns appeals from a final judgment of conviction. We find that the record before us contains substantial and
 
 *970
 
 competent evidence that the requirements of Faretta
 
 [1]
 
 were met, and affirm.
 

 Joseph Hearns was charged by Information with three counts: Count 1, attempted premeditated murder; Count II, use of a firearm while committing a felony, and; Count III, possession of a firearm by a convicted felon. At the conclusion of trial, the jury returned a verdict of guilty and Hearns was sentenced accordingly. Hearns was initially represented by the public defender and then by private court-appointed counsel; both counsel, in succession, withdrew citing conflict of interest.
 

 Hearns was then appointed a third defense counsel. After Hearns underwent psychiatric evaluation and was deemed competent to proceed, Hearns sought to fire counsel. At the Nelson
 
 [2]
 
 hearing, the trial court fully interviewed both Hearns and counsel and determined that counsel was not ineffective in his representation. The record shows that Hearns continued to complain about counsel, and over the course of several hearings the court, in response, gave Hearns the choice of firing counsel, having a
 
 Faretta
 
 hearing and proceeding to represent himself, or to remain represented by counsel. Hearns acknowledged this, but told the court that he could not represent himself because he didn’t have the knowledge and because he was taking psychotropic medication. At the last of these hearings prior to trial, Hearns became argumentative and the court closed the proceedings. The court granted a defense continuance and set the trial date.
 

 Third appointed counsel withdrew and the court appointed a fourth counsel to Hearns’ case. Once again, Hearns demanded that counsel be fired. The record shows that the trial court engaged Hearns in discussion of the matter, fully interviewed counsel, and concluded that counsel was not ineffective and that it would not appoint another lawyer for Hearns.
 

 On the day of trial, Hearns again argued with the court and insisted on discharge of his current court-appointed defense counsel and appointment of new counsel. The trial court refused based on its previous
 
 Nelson
 
 hearing conclusions, and Hearns was then removed from the courtroom for belligerent behavior. Subsequently, Hearns opted to represent himself, and the court reiterated its prior conclusion that Hearns was competent to make that decision. On the day of trial the court allowed Hearns to proceed without counsel but asked counsel to remain as stand-by. One day into trial, Hearns admitted that he did not know what he was doing and agreed to counsel’s assistance. Trial proceeded to conclusion with Hearns represented by defense counsel.
 

 Hearns asserts on appeal that the trial court conducted an inadequate
 
 Faretta
 
 inquiry, and that there is no competent and substantial evidence to support the trial court’s conclusion that Hearns’ waiver of counsel prior to trial was knowing and intelligent. Further, Hearns asserts that his constitutional rights were violated when, at one of the
 
 Faretta
 
 hearings, he was unrepresented by counsel. We disagree with both of Hearns’ assertions as the record conclusively refutes his claims.
 

 First, the trial court at several pretrial hearings correctly determined that Hearns was competent to make the decision to fire his attorney, but that both counsel he sought to fire were representing him competently. Because the court correctly found that counsel was not ineffective, Hearns’ insistence on counsel’s dis
 
 *971
 
 charge was unfounded, and he was not entitled to new counsel.
 
 See Morrison v. State,
 
 818 So.2d 482, 440 (Fla.2002) (holding that the trial court’s inquiry can only be as specific as the defendant’s complaint, and that a
 
 Nelson
 
 hearing is not necessary if the defendant expresses generalized dissatisfaction with his attorney or asserts general complaints about defense counsel’s trial strategy "without making any formal allegations of incompetence);
 
 Wilson v. State,
 
 753 So.2d 683, 687 n. 2 (Fla. 3d DCA 2000) (holding that an expression of general loss of confidence or trust, standing alone, does not equate to ineffective assistance and does not require withdrawal of counsel, neither does a defendant’s perception that counsel has inadequately conferred with the client, without more specific allegations of incompetence, amount to ineffective assistance, citing to
 
 Augsberger v. State,
 
 655 So.2d 1202, 1204 (Fla. 2d DCA 1995);
 
 Johnston v. State,
 
 497 So.2d 863 (Fla.1986)). Certainly, if court-appointed counsel is found to be rendering effective assistance and the defendant insists that he still wants to discharge him or her, a
 
 Faretta
 
 hearing is in order, but this is not the case here because Hearns repeatedly asserted that he did not want to represent himself. We find that the record contains substantial support for the trial court’s determination that Hearns was competent to choose between keeping his counsel or discharging him and proceeding by himself.
 
 See Potts v. State,
 
 718 So.2d 757, 759 (Fla.1998) (holding that because the trial court must weigh the right of self-representation against the rights to counsel and to a fair trial, the trial court’s ruling turns primarily on assessment of demeanor and credibility, and thus its decision is entitled to great weight, and will be affirmed on review if supported by competent substantial evidence).
 

 Second, Hearns’ claim that he was unrepresented at a
 
 Faretta
 
 hearing is unsupported by the record. Before allowing a defendant to proceed at any critical stage of a criminal proceeding without representation, a trial court is required by Florida Rule of Criminal Procedure 3.111(d)(2)
 
 [3]
 
 and
 
 Faretta
 
 “to inform the defendant of the disadvantages and dangers of self-representation and to warn him of the severity of the charge and the possible sentence.” This, indeed, was the very nature of the discussion between Hearns and the court at the hearing complained of, as well as in several hearings throughout the pretrial phase of Hearns’ case.
 
 [4]
 
 The record
 
 *972
 
 provides competent and substantial evidence that the requirements of
 
 Faretta
 
 were met, and we affirm the final judgment and sentence.
 

 Affirmed.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [2]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 

 [3]
 

 . Florida Rule of Criminal Procedure 3.111 (d)(2) provides: A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
 

 [4]
 

 .
 
 See, e.g., U.S. v. Garey,
 
 540 F.3d 1253, 1267 (11th Cir.2008), which provides that:
 

 [A]n unwilling defendant can foil a district court's best efforts to engage in dialogue, thereby preventing the court from eliciting clear information regarding the defendant's understanding of the dangers of proceeding pro se. A dialogue cannot be forced; therefore, when confronted with a defendant who has voluntarily waived counsel by his conduct and who refuses to provide clear answers to questions regarding his Sixth Amendment rights, it is enough for the court to inform the defendant unambiguously of the penalties he faces if convicted and to provide him with a general sense of the challenges he is likely to confront as a pro se litigant. So long as the trial court is assured the defendant (1) understands the choices before him, (2) knows the potential dangers of proceeding pro se, and (3) has rejected the lawyer to whom he is constitutionally entitled, the court may, in the exercise of its discretion, discharge counsel or (preferably, as occurred here) provide for
 
 *972
 
 counsel to remain in a standby capacity. In such cases, a Faretta-like monologue will suffice.