GERBER, J.
 

 We affirm the appellant’s convictions for aggravated battery with a firearm and discharging a firearm from a vehicle. We write only to address the appellant’s argument that his trial counsel was ineffective. The appellant has not shown any basis to raise ineffectiveness of counsel on direct appeal. In
 
 Smith v. State,
 
 998 So.2d 516 (Fla.2008), the supreme court stated:
 

 Claims of ineffective assistance of trial counsel are usually presented in a post-conviction motion under Florida Rule of Criminal Procedure 3.850. Under that rule, the circuit court can be specifically presented with the claim, and apply the
 
 Strickland [v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] standard with reference to the full record and any evidence it may receive in an evidentiary hearing, including trial counsel’s testimony. Thus, ineffective assistance claims are not usually presented to the judge at trial, and we have repeatedly stated such claims are not cognizable on direct appeal.... We recognize that ‘[tjhere are rare'exceptions where appellate counsel may successfully raise the issue on direct appeal because the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue.’ Thus, in the rare case, where both prongs of
 
 Strickland
 
 — the error and the prejudice — are manifest in the record, an appellate court may address an ineffective assistance claim.
 

 Id.
 
 at 522-23 (internal citations omitted);
 
 see also Jones v. State,
 
 815 So.2d 772, 772 (Fla. 4th DCA 2002) (“[I]neffeetive assistance of counsel will only be addressed on direct appeal for the first time when the
 
 *890
 
 facts giving rise to the claim are apparent on the face of the record, a conflict of interest is shown, or prejudice to the defendant is shown.”).
 

 The appellant’s claim does not meet any of these criteria. We therefore decline to address that claim on this direct appeal. This opinion, however, is without prejudice to the appellant raising his claim in an appropriate 3.850 motion. We make no comment on whether such a motion would have merit or not.
 

 Affiivned.
 

 DAMOORGIAN and LEVINE, JJ., concur.