SUAREZ, J.
 

 Randall Williams appeals from a judgment of conviction for first degree murder following a jury trial. We affirm.
 

 Williams was convicted of one charge of first degree murder, and possession of a firearm by a convicted felon. The sole eyewitness testified that she was five to eight feet from the victim when Williams approached and shot him point-blank several times. She positively identified Williams as the shooter. Williams testified
 
 *730
 
 and denied any association with the crime. The jury convicted him as charged.
 

 Williams raises two claims on appeal. First, he argues that the trial court failed to conduct an adequate Faretta
 
 [1]
 
 hearing when he asserted his desire to represent himself. The record reflects, however, that Williams did not require a formal Nelson
 
 [2]
 
 or
 
 Faretta
 
 hearing. The record shows that Williams, through his attorney, made the assertion towards the end of trial that he wanted to represent himself. The trial court stopped the proceedings and asked defense counsel if Williams indicated that he wanted to Are him as counsel. Counsel responded that Williams had not used those words, but rather wanted to take over as lead, particularly as to re-cross-examination of the detective currently on the stand. The trial court then appropriately inquired of Williams as to his intent. Williams answered, “Well really, your Honor, I just want to be more involved as far as I see some things that he [counsel] don’t see. I’m try [sic] to tell him and show him and he’s not presenting them. So I was, if he’s not going to present it, I want to present it myself.”
 

 The trial court’s inquiry can only be as specific as the defendant’s complaint, and a
 
 Nelson
 
 hearing is not necessary if the defendant expresses generalized dissatisfaction with his attorney or asserts general complaints about defense counsel’s trial strategy without making any formal allegations of incompetence.
 
 See Morrison v. State,
 
 818 So.2d 432, 440 (Fla.2002);
 
 Hearns v. State,
 
 16 So.3d 969 (Fla. 3d DCA 2009);
 
 Wilson v. State,
 
 753 So.2d 683, 687 n. 2 (Fla. 3d DCA 2000) (holding that an expression of general loss of confidence or trust, standing alone, does not equate to ineffective assistance and does not require withdrawal of counsel, neither does a defendant’s perception that counsel has inadequately conferred with the client, without more specific allegations of incompetence, amount to ineffective assistance);
 
 Merelus v. State,
 
 735 So.2d 552 (Fla. 3d DCA 1999);
 
 See also Augsberger v. State,
 
 655 So.2d 1202, 1204 (Fla. 2d DCA 1995);
 
 Johnston v. State,
 
 497 So.2d 863 (Fla.1986).
 

 If court-appointed counsel is found to be rendering effective assistance and the defendant insists that he still wants to discharge him or her, a
 
 Faretta hearing is
 
 in order. But this is not the case here because Williams didn’t insist on firing counsel, did not express dissatisfaction with counsel’s entire representation, and did not request to proceed pro se. The trial court appropriately found that defense counsel was performing professionally, and denied Williams’ request to continue the remainder of trial as lead counsel.
 
 See Potts v. State,
 
 718 So.2d 757, 759 (Fla.1998) (holding that because the trial court must weigh the right of self-representation against the rights to counsel and to a fair trial, the trial court’s ruling turns primarily on assessment of demeanor and credibility, and thus its decision is entitled to great weight, and will be affirmed on review if supported by competent substantial evidence).
 

 Finally, Williams claims that his trial counsel was ineffective because, through his allegedly faulty cross-examinations of certain witnesses, counsel opened the door for the prosecution to elicit otherwise inadmissible hearsay that implicated Williams in the crime. This, however, is not a claim that can be raised on direct
 
 *731
 
 appeal.
 
 See Bruno v. State,
 
 807 So.2d 55, 63 (Fla.2001):
 

 Whereas the main question on direct appeal is whether the trial court erred, the main question in a Strickland claim is whether trial counsel was ineffective. Both claims may arise from the same underlying facts, but the claims themselves are distinct and — of necessity— have different remedies: A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal. A defendant thus has little choice: As a rule, he or she can only raise an ineffectiveness claim via a rule 3.850 motion, even if the same underlying facts also supported, or could have supported, a claim of error on direct appeal.
 

 See also Lopez v. State,
 
 17 So.3d 889 (Fla. 4th DCA 2009). Here, the record does not show any error or prejudice that would allow an exception to that rule.
 
 Id.
 

 Affirmed.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [2]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).