625 So.2d 875 (1993)
Lawrence Robert HARAM, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1446.
District Court of Appeal of Florida, Fifth District.
September 17, 1993.
Rehearing Denied October 26, 1993.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
After a jury trial, the appellant was convicted and sentenced for thirteen counts of sexual battery and one count of kidnapping. The issue on appeal is whether the trial court erred by not allowing the appellant to represent himself. We affirm because our review of the record causes us to conclude that the appellant was not desirous of representing himself, but instead wished to further delay the proceedings which had already stretched 17 months from arrest to trial.
The dissent is correct that at least at one point in the record, the appellant stated his desire to represent himself. However, the record is replete with conflicting requests. For example, when the trial judge asked the appellant if he believed he could properly represent himself in a criminal jury trial, the appellant responded:
THE DEFENDANT: No. To be honest with you, no, I don't. I could if I had the time to research it and study and someone to instruct me.
The appellant also requested the court to relieve the public defender and appoint a private attorney selected by the appellant, to be paid at public expense. In response, the trial judge noted that the appellant had previously caused two attorneys to be discharged from his case. The record further shows that while the appellant contended that his present counsel was not sufficiently prepared for trial, the appellant had directed his attorney not to depose certain witnesses or conduct certain discovery.
Based on the record, we conclude that the appellant's various conflicting requests were not in good faith, but were designed solely for the purpose of further delay. Accordingly, we affirm the trial court's denial of the appellant's request to represent himself.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
As I read this record, the appellant unequivocally asked to represent himself based upon his reading and understanding of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He appeared to meet the criteria for self-representation. See Fla.R.Crim.P. 3.111(d); cf. Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981). Nevertheless, the trial court, after a laborious and unproductive colloquy with the defendant, denied Haram's motion to represent himself without any finding that he was incompetent to do so. Indeed, the trial court stated: "You may well be competent to represent yourself with limitations." This denial, in my *876 view, was error. See Kearse v. State, 605 So.2d 534 (Fla. 1st DCA 1992), rev. denied, 613 So.2d 5 (Fla. 1993).
I would reverse and remand for a new trial where Haram represents himself.