DANAHY, Acting Chief Judge.
The appellant asserts various trial errors and insufficiency of the evidence as grounds for reversal of his convictions for attempted robbery, resisting arrest with violence and depriving an officer of communication. The appellant raises five issues. We find error requiring reversal and a new trial as to the first issue raised. Thus it is not necessary that we address the other four issues.
The appellant’s case was set for trial on July 22, 1993. On that date, the appellant requested that the trial court remove the public defender who was representing the appellant. The trial court denied the appellant’s request as well as the public defender’s motion to withdraw. The appellant then voluntarily absented himself from trial and the trial court proceeded to trial without the presence of the appellant.
In Matthews v. State, 584 So.2d 1105 (Fla. 2d DCA 1991), this court held that when a defendant requests the trial court to discharge his court-appointed attorney and replace him with another court-appointed attorney, the trial court should first determine whether adequate grounds exist for replacement of the defendant’s attorney. In this case, the trial court obviously determined that there were no adequate grounds for replacement.
In Matthews, this court further held that if the trial court finds that the defendant has no legitimate complaint, it is then required to advise the defendant that if his request to discharge his attorney is granted, the court is not required to appoint substitute counsel and the defendant would be exercising his right to represent himself. At this point, if the defendant still desires to discharge his counsel, the court must determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel. The court must conduct a hearing as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See also State v. Young, 626 So.2d 655 (Fla.1993), in which the supreme court stated that when a defendant attempts to dismiss his court-appointed counsel, it is presumed that he is exercising his right to self-representation. The trial court must then conduct a Faretta hearing.
In this case, the trial court erred in failing to conduct a Faretta hearing. That error requires reversal and remand for a new trial.
Reversed and a new trial granted.
SCHOONOVER and FULMER, JJ„ concur.