677 So.2d 370 (1996)
Reginald L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00822.
District Court of Appeal of Florida, Second District.
July 10, 1996.
Rehearing Denied August 7, 1996.
*371 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Reginald L. Smith appeals his convictions for two counts of battery on a law enforcement officer, two counts of resisting arrest with violence, depriving an officer of communications equipment, and aggravated battery. Because the trial court denied Smith's requests to discharge his attorney and failed to advise Smith of his right to self-representation, we reverse.
At the close of the prosecution's case-in-chief, Smith requested the discharge of his court-appointed counsel. Smith raised specific complaints about his attorney's performance. After eliciting a response from defense counsel, the trial judge found no legitimate basis for the discharge of counsel. Smith then raised more general complaints and continued to insist on the discharge of his attorney. This resulted in an extended colloquy between Smith and the trial judge. Several times, the trial judge informed Smith that his court-appointed counsel would not be discharged and that Smith had no choice in the matter. The trial judge gave Smith the option of remaining in the courtroom or returning to his jail cell while his attorney continued the trial in his absence. The trial judge did not inform Smith that he would be exercising his right to represent himself if he persisted in his request to discharge his counsel.
When a defendant requests the discharge of his court-appointed counsel, a trial judge should:
[F]irst determine whether adequate grounds exist for replacement of the defendant's attorney. If the court finds that the defendant ... has no legitimate complaint, it is then required to advise the defendant that if his request to discharge his attorney is granted, the court is not required to appoint substitute counsel and the defendant would be exercising his right to represent himself.
Matthews v. State, 584 So.2d 1105, 1106-07 (Fla. 2d DCA 1991) (citations omitted). See also Davis v. State, 648 So.2d 228 (Fla. 2d DCA 1994). In the present case, the trial judge repeatedly informed Smith that he had "no choice" and had to proceed with his attorney. Because Smith did have a choice, self-representation, the trial judge erred by telling Smith that he could choose only to remain in the courtroom or to wait in his jail cell.
We realize that trial judges may be overburdened by defendants who use their right to counsel or to self-representation in deliberate attempts to disrupt the trial. "[A] trial judge is not compelled to allow a defendant to delay and continually frustrate his trial." State v. Young, 626 So.2d 655, 657 (Fla.1993). See also Amos v. State, 618 So.2d 157 (Fla.1993). With the power to control the proceedings and prevent disruption, the trial judge would have been justified in refusing to grant Smith a continuance or otherwise disrupt a trial that was at least half-way finished. The trial judge was not justified, however, in refusing Smith's request to discharge his attorney and in failing to inform him of his right to self-representation.
Because of our disposition in this matter, we do not find it necessary to address *372 Smith's second issue. Reversed and remanded for a new trial.
FULMER, J., concurs.
CAMPBELL, A.C.J., concurs specially in result only with opinion.
CAMPBELL, Acting Chief Judge, specially concurring in result only.
Because of the particular circumstances of this case and the pronouncements by the trial judge, I concur with the result reached by the majority and with the general principles of law upon which they rely. I write to express my concern regarding what I perceive as a dangerous drift into a blanket application of a defendant's constitutional right to self-representation to the circumstances of every case when that defendant seeks, without cause, to discharge court-appointed counsel. I believe that few rights are so sacrosanct that they should be applied without exception regardless of the circumstances of each case in which they arise. The right to self-representation falls far down my list of rights deserving of such application. Had the trial judge in this case, by his advice to appellant, not created the real possibility that appellant may have misunderstood the scope of his rights, I might have been persuaded to affirm. There may have been circumstances that existed in this trial that would have caused me to agree that appellant should not have been allowed to exercise his right to self-representation at the time and under the circumstances that he sought, without cause, to discharge his court-appointed counsel. The trial judge, however, articulated no such existing circumstances that led him to advise appellant that he had no choice except to continue with that counsel's representation.
As the majority points out, appellant in the trial below sought to discharge, without just cause, his court-appointed counsel in mid-trial. The state had rested its case-in-chief. Who can say what effect it might have on a jury when a defendant, in mid-trial, chooses to discharge his counsel and proceed throughout the rest of the trial without counsel? I am inclined to the view that a defendant who has exercised the right to be represented by court-appointed counsel should not be allowed in mid-trial, as a defense tactic, to discharge that court-appointed counsel without cause to seek to exercise his right to self-representation. My research reveals two cases that, by the language employed, persuade me that we should be more cautious in finding error when a defendant is denied the right to self-representation when that right is sought to be exercised under spurious circumstances of the defendant's own creation. Jones v. State, 449 So.2d 253 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984), was a capital punishment case in which a defendant had discharged numerous competent court-appointed counsel during the guilt phase of his trial, and yet urged error because the trial judge refused to appoint counsel of his choice for the sentencing phase and required him to represent himself. Our supreme court in that case and under those circumstances said as follows:
The trial court pointed out to defendant that numerous competent attorneys had been previously appointed, that he had discharged all of them, that he was not entitled to the appointment of an attorney of his choice, that he had chosen to represent himself, and that they were now in the middle of the trial. Defendant stated in support of his motion that all the appointed lawyers were incompetent. Defendant now urges that the trial court failed to renew the offer of counsel at the sentencing stage and that this constitutes reversible error. We disagree, as this would exalt form over substance. It is clear from the record that the issue of counsel was before the court and that defendant was merely repeating his earlier meritless arguments that he was entitled to a lawyer of his choice. We note also that in capital punishment cases, the penalty phase requires the participation of the sitting jury and follows immediately upon the guilt phase. The issue is not squarely presented here of whether a defendant in a capital punishment case may elect to proceed pro se in the guilt phase and then obtain appointment of counsel and a continuance of an ongoing trial while the newly-appointed counsel familiarizes himself with the case. We are prepared to say, however, and do *373 so in order to forewarn future defendants, that both the state and the defendant are entitled to orderly and timely proceedings. Florida's capital punishment law, which has been repeatedly upheld, contemplates that the sentencing phase will follow on the guilt phase, using the same jury. Faretta [v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)], explicitly recognizes that:
The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel."
422 U.S. at 835 n. 46, 95 S.Ct. at 2541 n. 46 (emphasis supplied). We consider it implicit in Faretta that the right to appointed counsel, like the obverse right to self-representation, is not a license to abuse the dignity of the court or to frustrate orderly proceedings, and a defendant may not manipulate the proceedings by willy-nilly leaping back and forth between the choices.
449 So.2d at 258. See also State v. Roberts, 677 So.2d 264 (Fla.1996).
Likewise, in Haram v. State, 625 So.2d 875 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 624 (Fla.1994), the defendant had caused two court-appointed counsel to be discharged from his case. He then requested the court to relieve the public defender and appoint a private attorney to be selected by the defendant. The trial judge refused. At one point, the defendant stated his desire to represent himself. The trial judge refused. On appeal, the court in Haram held that the trial judge was not required to allow the defendant to represent himself where his various conflicting requests respecting his representation were not made in good faith, but were designed solely for the purpose of frustrating the orderly process of the trial.
I agree with reluctance for the reasons stated that this case must be reversed and remanded for a new trial.