PADOVANO, Judge.
Curtis Oilman, the defendant, appeals his convictions for driving under the influence, a felony offense as charged, and driving with a suspended license. He contends that he was denied his constitutional right of self-representation under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We agree that the trial court failed to apply the correct standard in evaluating the defendant’s request to proceed without counsel. Therefore we reverse.
As the Florida Supreme Court recently explained in State v. Bowen, 22 Fla. L. Weekly S208, — So.2d - [1997 WL 196637] (Fla. April 24, 1997), the issue in a Faretta hearing is whether the defendant has knowingly and intelligently waived the right to counsel, not whether the defendant is intellectually capable of conducting an effective defense. In the present case, the trial court’s finding was based entirely on the defendant’s inability to conduct a proper defense and *410 does not address the voluntariness of the defendant’s choice of self-representation.[1] Because the error is not harmless, McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), we must reverse the defendant’s convictions for a new trial. The defendant is entitled to a new Faretta hearing according to the principles expressed in Bowen.
Reversed.
MINER and LAWRENCE, JJ., concur.

. We acknowledge that the trial court may have been correct in applying precedent in this court, see Hughes v. State, 686 So.2d 710 (Fla. 1st DCA 1996), and that the trial court did not have the benefit of the supreme court’s decision in Bowen at the time of the Faretta hearing in this case.