956 So.2d 548 (2007)
Edward C. FLECK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3060.
District Court of Appeal of Florida, Second District.
May 23, 2007.
*549 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Edward C. Fleck appeals his judgment and sentence for attempted robbery, aggravated battery, and misdemeanor battery and contends that the trial court should have allowed him to represent himself at trial. Because the trial court did not use the correct legal standard in denying Fleck his right to self-representation, we reverse and remand for a new trial.
The Sixth Amendment grants criminal defendants the right to self-representation. State v. Bowen, 698 So.2d 248, 250 (Fla.1997) (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). The Bowen court held "that once a court determines that a competent defendant of his or her own free will has `knowingly and intelligently' waived the right to counsel, the dictates of Faretta are satisfied, the inquiry is over, and the defendant may proceed unrepresented." Id. at 251. In Hill v. State, 688 So.2d 901, 905 (Fla.1996), the court emphasized that
a defendant does not need to possess the technical legal knowledge of an attorney before being permitted to proceed pro se. As the Supreme Court stated in Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 2686-87, 125 L.Ed.2d 321 (1993), "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself."
Similarly, Florida Rule of Criminal Procedure 3.111(d)(3) states, "Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent him or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel."
In Bowen, the supreme court noted the trial court's finding that Bowen was not competent, "`based on his high school diploma, to represent himself in a case of this nature.'" 698 So.2d at 249. The court observed that "[t]he record conclusively shows that Bowen `was literate, competent, and understanding, and that he was voluntarily exercising his informed free will.'" Id. at 251 (quoting Faretta, 422 U.S. at 835, 95 S.Ct. 2525). The court concluded as follows:
Where a competent defendant "knowingly and intelligently" waives the right to counsel and proceeds unrepresented "with eyes open," he or she ipso facto receives a "fair trial" for right to counsel purposes. As for Mr. Bowen, no citizen can be denied the right of self-representationor any other constitutional rightbecause he or she has only a high school diploma.
Id. at 252.
Here, after the jury had been selected, but before the jury had been sworn, Fleck requested a continuance, which the trial court denied. He then stated that he wished to represent himself. Upon questioning *550 by the trial court, Fleck indicated that he did not graduate from high school but that he got his GED and could read and write. The court questioned him about his desire to represent himself and explained some of the pitfalls of self-representation. The court concluded, "I'm finding that you're not competent to represent yourself. Sit down, I'm leaving the Public Defender in the case and we're starting the trial. And your record's protected if I'm wrong."
Fleck argues that the trial court applied the wrong legal standard, focusing on Fleck's competence to represent himself, rather than his competence to waive the right to counsel. The State responds that the trial court was justified in denying the request for self-representation because Fleck was attempting to delay and frustrate the proceedings. See Smith v. State, 677 So.2d 370, 371 (Fla. 2d DCA 1996) (recognizing that a trial court need not "`allow a defendant to delay and continually frustrate his trial'") (quoting State v. Young, 626 So.2d 655, 657 (Fla.1993)). The State also cites to Haram v. State, 625 So.2d 875, 875 (Fla. 5th DCA 1993), but in Haram, the court pointed out that the proceedings "had already stretched 17 months from arrest to trial" and that Haram "had previously caused two attorneys to be discharged from his case."
We cannot agree with the State's argument. The trial court made no finding that Fleck was improperly attempting to delay and frustrate the proceedings, and it does not appear that Fleck had engaged in previous behavior designed to do so. Further, his responses to the trial court's questions as to his desire to self-represent do not support such a conclusion.
Accordingly, we reverse Fleck's judgment and sentence and remand for a new trial. Should Fleck wish to represent himself on remand, the trial court shall conduct a thorough Faretta inquiry and employ the proper legal standard of whether Fleck is knowingly and intelligently waiving the right to counsel.
Reversed and remanded.
STRINGER, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.