NORTHCUTT, Judge.
 

 Clifton Thompson attempted to exercise his constitutional right to represent himself in a probation revocation proceeding, but the circuit court forced him to continue with appointed counsel out of a concern that Thompson lacked sufficient facility in legal matters. This was error, and we must reverse the revocation of Thompson’s probation.
 

 Thompson was on felony probation after his third conviction for knowingly driving while his license was cancelled, suspended, or revoked.
 
 See
 
 § 322.34(2)(e), Fla. Stat. (2007). The State filed an affidavit alleging that he violated his probation by committing a new law violation when he once again drove without a valid license. Counsel was appointed to represent Thompson, but he soon became dissatisfied with the attorney’s performance. He began filing pro se motions, including motions to dismiss the attorney.
 

 The circuit court held a hearing to inquire into Thompson’s complaints about his counsel. After questioning Thompson, the court determined that the attorney was providing effective assistance and declined to appoint a replacement. Faced with the prospect of proceeding with the same attorney, Thompson asked to represent himself. The court explained the advantages of legal representation and the disadvantages of proceeding pro se, which Thompson said he understood. He informed the court that he had a college education that included legal studies although he had not attended law school. He wanted the assistance of co-counsel, but he did not want assistance from his
 
 *940
 
 current attorney and preferred to represent himself if his current attorney was his only other option.
 

 The court questioned Thompson at some length about legal issues. It then denied Thompson’s request to proceed pro se, expressing concern about his ability to represent himself, especially considering that Thompson faced a possible five-year prison sentence.
 

 But possessing legal skills is not a precondition for exercising the right of self-representation. The Supreme Court has recognized that, so long as the election is made knowingly and intelligently, a criminal defendant’s constitutional right to self-representation is unfettered. “The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage.”
 
 Faretta v. California,
 
 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The trial court’s explanation of the advantages of counsel and the disadvantages of proceeding pro se are intended merely to establish on the record that the decision is made “with eyes open.”
 
 Id.
 
 at 835, 95 S.Ct. 2525 (quoting
 
 Adams v. United States ex rel. McCann,
 
 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). Further, the defendant’s “technical legal knowledge, as such, [is] not relevant to an assessment of his knowing exercise of the right to defend himself.”
 
 Id.
 
 at 836, 95 S.Ct. 2525. The Supreme Court later qualified this right in cases involving defendants who are competent enough to stand trial but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.
 
 Indiana v. Edwards,
 
 554 U.S. 164, 128 S.Ct. 2379, 2388, 171 L.Ed.2d 345 (2008). The record in this case contains nothing to suggest that Thompson fell within this exception to the general rule.
 

 The Florida Supreme Court has likewise been clear about the right of self-representation, holding that “once a court determines that a competent defendant of his or her own free will has ‘knowingly and intelligently’ waived the right to counsel, the dictates of
 
 Faretta
 
 are satisfied, the inquiry is over, and the defendant may proceed unrepresented.”
 
 State v. Bowen,
 
 698 So.2d 248, 251 (Fla.1997). This court, too, has pointed out that “a defendant does not need to possess the technical legal knowledge of an attorney before being permitted to proceed pro se.”
 
 Fleck v. State,
 
 956 So.2d 548, 549 (Fla. 2d DCA 2007) (quoting
 
 Hill v. State,
 
 688 So.2d 901, 905 (Fla.1996)). The rules of criminal procedure sum it up:
 

 Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself.
 

 Fla. R.Crim. P. 3.111(d)(3).
 

 The State argues that Thompson’s waiver of his right to counsel was not knowingly and intelligently made. But this assertion is not supported by the record, and we note that it was not the circuit court’s reason for denying Thompson’s request. As in
 
 Fleck,
 
 956 So.2d at 550, the court below erred by focusing on whether Thompson was capable of representing himself rather than whether his election to do so was knowingly and intelligently made. Accordingly, we reverse.
 

 
 *941
 
 Reversed and remanded for further proceedings.
 

 VILLANTI and MORRIS, JJ., Concur.