PER CURIAM.
 

 At his second trial
 
 [1]
 
 on two counts of armed robbery with a firearm and one count of aggravated assault with a firearm, Appellant sought to represent himself.
 
 *1009
 
 The trial court conducted a thorough
 
 Far-etta
 

 [2]
 

 hearing and, finding Appellant not competent to waive his right to counsel, denied the request. We review the court’s decision for abuse of discretion.
 
 [3]
 
 Because the evidence in the record does not support the court’s finding, we reverse and remand, once again, for new trial.
 
 [4]
 

 In criminal prosecutions, the right to counsel and the right to represent oneself both arise from the Sixth Amendment.
 
 Faretta v. California,
 
 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). When a criminal defendant seeks to represent himself at trial, the court’s scope of inquiry is whether the defendant is “ ‘literate, competent, and understanding, and that he [is] voluntarily exercising his informed free will.’”
 
 State v. Bowen,
 
 698 So.2d 248, 251 (Fla.1997) (quoting
 
 Faretta
 
 at 835, 95 S.Ct. 2525). “The test is not whether the defendant is competent to represent himself adequately, but whether he is
 
 competent to make the decision
 
 to represent himself.”
 
 Brown v. State,
 
 971 So.2d 270, 271 (Fla. 1st DCA 2008) (emphasis added). As the Supreme Court said in
 
 Faretta,
 
 “although [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored” if he makes the choice fully informed of “the dangers and disadvantages of self-representation.” 422 U.S. at 834, 835, 95 S.Ct. 2525.
 

 The record before us demonstrates Appellant was competent to choose to represent himself and was fully aware of the consequences of doing so. Appellant was 37 years old at the time of trial, had earned his G.E.D., did not have difficulty reading, was not under the influence of drugs or alcohol, and never had been treated for mental illness. He was steadfast in the belief that his lawyer was not sufficiently prepared to defend him at trial, and, after being told of all the pitfalls of self-representation, said to the court:
 

 I understand that there are a lot of legalities that I may not know, that I may be disadvantaged to. But I also understand that I’m going to have six people over there that’s going to hear a trial, and they’re going to hear evidence. And you’re going to give them jury instructions, and they’re going to know that I’m [sic] only could be found guilty through and by evidence. So you know, I mean I’m going to win or I’m going to lose. But I’m not going to lose my life based on someone else not being properly prepared.... I know, you don’t know what it’s like to have a life sentence. I mean I went to trial for five hours, and it took ten minutes for you to sentence me to life. And that’s been going in my mind for those last four years. So that’s why if I’m going to lose trial, I’m going to be able to go back to prison and lay down and wear it; when I know I done did everything I could to earn my freedom.
 

 Finding no evidence in the record suggesting Appellant was not competent to decide to represent himself, and ample evidence demonstrating Appellant fully understood the import and consequences of his decision, we conclude the trial court abused its discretion by denying Appellant’s request. Accordingly, we must reverse Appellant’s convictions and remand for new trial.
 
 [5]
 
 If,
 
 *1010
 
 on remand, Appellant exercises his right to self-representation at any point, the trial court must offer him representation at each subsequent crucial stage of the proceedings.
 
 See generally Traylor v. State,
 
 596 So.2d 957 (Fla.1992);
 
 Monte v. State,
 
 51 So.3d 1196 (Fla. 4th DCA 2011);
 
 Brown v. State,
 
 45 So.3d 110 (Fla. 1st DCA 2010).
 

 REVERSED and REMANDED.
 

 WOLF, DAVIS, and MARSTILLER, JJ., concur.
 

 [1]
 

 .
 
 See Laidler v. State,
 
 10 So.3d 1136 (Fla. 1st DCA 2009).
 

 [2]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [3]
 

 .
 
 See Holland v. State, 773
 
 So.2d 1065, 1069 (Fla.2000).
 

 [4]
 

 .Our decision on this point renders moot Appellant’s second issue on appeal.
 

 [5]
 

 .
 
 See Pasha v. State,
 
 39 So.3d 1259, 1262 (Fla.2010) (error in denying defendant’s request to represent himself not subject to harmless error analysis).