PER CURIAM.
Appfellant seeks a new trial, claiming the trial court committed reversible error when it denied his request for self-representation upon finding appellant was not competent to represent himself. We agree. The record shows appellant presumptively made an unequivocal request for self-representation by repeatedly seeking to discharge defense counsel, whom he found unacceptable, after being informed that he was not entitled to substitute counsel. See Pasha v. State, 39 So.3d 1259, 1262 (Fla.2010). After conducting the necessary inquiry pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the trial court could not deny appellant’s request by finding appellant was not competent to represent himself. State v. Bowen, 698 So.2d 248 (Fla.1997). Rather, the court had to determine whether appellant was competent to waive the right to counsel. Weaver v. State, 894 So.2d 178, 193 (Fla.2004). *32 Based on the court’s Faretta inquiry, there was no basis to conclude appellant was not competent to waive his right to counsel. See Laidler v. State, 69 So.3d 1008, 1009 (Fla. 1st DCA 2011). Accordingly, we reverse and remand for a new trial. Id. 1009-10. In light of this disposition, we do not reach appellant’s remaining claim on appeal.
REVERSED and REMANDED.
CLARK, ROWE, and SWANSON, JJ., concur.