PER CURIAM.
Joseph Neal appeals his convictions for armed robbery with a firearm, aggravated assault with a firearm, and shooting at or into an occupied vehicle. Because the trial court failed to apply the correct legal standard in evaluating and denying Mr. Neal’s request to proceed without counsel, we reverse and remand for a new trial.
A person who is accused of a crime has a constitutional right to represent himself or herself. See Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Pasha v. State, 39 So.3d 1259, 1261 (Fla.2010). The accused need have no legal experience nor any special ability. It is enough that the accused understand the right to be represented by counsel and decide voluntarily to proceed without counsel, assuming severe mental illness does not preclude self-representation. See Indiana v. Edwards, 554 U.S. 164, 178, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008) (“[T]he Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under [Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)] but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.”). Accordingly, it is error to deny a defendant’s unequivocal request to represent himself, regardless of his legal skills or the complexity of the case, if the trial court determines that the defendant made a knowing and intelligent waiver of the right to counsel and “does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself.” Fla. R. Crim. P. 3.111(d)(3).
“ ‘[0]nee a court determines that a competent defendant of his or her own free will has “knowingly and intelligently” waived the right to counsel, the dictates of Faretta are satisfied, the inquiry is over, and the defendant may proceed unrepresented.’ When that occurs, ‘[t]he court may not inquire further into whether the defendant “could provide himself with a substantively qualitative defense,” for it is within the defendant’s rights, if he or she *951 so chooses, to sit mute and mount no defense at all’ ” Muehleman v. State, 3 So.3d 1149, 1160 (Fla.2009) (citations omitted). See also Thompson v. State, 37 So.3d 939, 940 (Fla. 2d DCA 2010) (“[possessing legal skills is not a precondition for exercising the right of self-representation.”); Ollman v. State, 696 So.2d 409, 409 (Fla. 1st DCA 1997) (“[T]he issue in a Faretta hearing is whether the defendant has knowingly and intelligently waived the right to counsel, not whether the defendant is intellectually capable of conducting an effective defense.”).
In the present case, as in Thompson and Oilman, the trial court failed to apply the correct standard in evaluating Mr. Neal’s request to proceed without counsel. The state argues that the trial court determined that Mr. Neal was not knowingly and voluntarily waiving his right to counsel. But this assertion is not supported by the record. The trial court’s finding does not even address whether Mr. Neal’s request to represent himself was knowing and intelligent. Nor did the trial court find that Mr. Neal suffered from “severe mental illness to the point where [he was] not competent to conduct trial proceedings by [himself]” so as to fall within the exception to the general rule explicated in Edwards, 554 U.S. at 178, 128 S.Ct. 2379.
The error is structural and not subject to harmless error review. See United States v. Gonzalez-Lopez, 548 U.S. 140, 148-19, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (recognizing the denial of the right of self-representation as one of a limited number of structural defects which “ ‘defy analysis by “harmless-error” standards’ because [it affects] ‘the framework within which the trial proceeds’ ” (quoting Arizona v. Fulminante, 499 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)); McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (“Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to ‘harmless error’ analysis. The right is either respected or denied; its deprivation cannot be harmless.”); Pasha, 39 So.3d at 1262 (same).
Presiding over a criminal case involving multiple charges and multiple victims, with a pro se defendant, can present “a difficult and challenging responsibility for a trial judge.” Tennis v. State, 997 So.2d 375, 380 (Fla.2008). As explained in Faretta, however, the constitutional right to self-representation belongs to the defendant. Although the defendant “may conduct his own defense ultimately to his own detriment, his choice must be honored out of ‘that respect for the individual which is the lifeblood of the law.’ ” Faretta, 422 U.S. at 834, 95 S.Ct. 2525 (quoting Illinois v. Allen, 397 U.S. 337, 350-51, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (Brennan, J, concurring)). Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
BENTON, SWANSON, and OSTERHAUS, JJ., concur.