IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID ANTONIO WILLIAMS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2893

Opinion filed May 1, 2015.

An appeal from the Circuit Court for Union County.
David A. Glant, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Tallahassee, for Appellee.

MARSTILLER, J.

     David Antonio Williams appeals his convictions and sentences for two counts of battery on a law enforcement officer and two counts of resisting an

officer with violence. Williams argues that the trial court reversibly erred by denying his request to represent himself at trial, and that he received ineffective assistance of counsel from his appointed attorney. Finding that the court incorrectly denied Williams' request to represent himself, we reverse and remand for a new trial.

Prior to trial, Williams filed a written waiver of representation by counsel stating that he "voluntarily, knowingly and competently" waived his right to be represented by an attorney. The day of jury selection, the trial court conducted a *Faretta*[1] hearing and questioned Williams on his educational level, language competency and motivation for wanting to proceed unrepresented. Williams stated that he had completed high school and one year of college, his main language was English, and he felt he was better able than appointed counsel to address the issues in his case. After substantial discussion between the court and Williams about whether Williams understood the legal grounds for the State's request for enhanced sentencing and whether it would be appropriate to grant Williams a continuance to conduct research prior to picking a jury, the court concluded:

> Well, because of your hesitation and not feeling comfortable with knowing how to proceed in selecting a jury, based upon your announcement that you would want to do further research before you proceed, it's an indication to me that you don't have the necessary legal experience and training to go forward today. And

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

therefore, I'm going to deny your request for you to represent yourself before a court.

"Under the United States Supreme Court's ruling in *Faretta*, an accused has the right to self-representation at trial. A defendant's choice to invoke this right 'must be honored out of that respect for the individual which is the lifeblood of the law.'" *Tennis v. State*, 997 So. 2d 375, 377-78 (Fla. 2008) (quoting *Faretta*, 422 U.S. at 834). Once a defendant makes an unequivocal request for self-representation, pursuant to *Faretta* and Florida Supreme Court precedent, the trial court is obligated to hold a hearing to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel. *See McCray v. State*, 71 So. 3d 848, 864 (citing *Tennis*, 997 So. 2d at 378). "[I]t is error to deny a defendant's unequivocal request to represent himself, regardless of his legal skills or the complexity of the case, if the trial court determines that the defendant made a knowing and intelligent waiver of the right to counsel and 'does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself.'" *Neal v. State*, 132 So. 3d 949, 950 (Fla. 1st DCA 2014) (citing Fla. R. Crim. P. 3.111(d)(3)).

The trial court in this instance did not consider whether Williams' waiver of counsel was knowing and intelligent and whether he was mentally competent to represent himself, and impermissibly denied Williams' self-representation request based on a perceived lack of legal training and experience. The court thus failed to

3

conduct a legally sufficient *Faretta* hearing, and in so doing, committed an error that requires reversal of Williams' convictions and remand for new trial. *See Neal*, 132 So. 3d at 951 (stating that such error is not subject to harmless error review) (citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-49 (2006)).

REVERSED and REMANDED.

ROBERTS, J., CONCURS; SWANSON, J., DISSENTS WITH OPINION.

SWANSON, J., dissenting.

I respectfully dissent. Appellant's request to represent himself was not unequivocal, was not made in good faith and was designed solely for purpose of delay. Haram v. State, 625 So.2d 875 (Fla. 5th DCA 1993). Moreover, Appellant's subsequent conduct indicated he had abandoned the request.