NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


LEONARD LEA WILSON,                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D15-2684
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
                                       )
_____)

Opinion filed September 28, 2016.

Appeal from the Circuit Court for Highlands
County; J. Dale Durrance, Judge.

Amanda Peterson of Law Offices of
Peterson, P.A., Mulberry, for Appellant.

Leonard Wilson, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


BLACK, Judge.

            Leonard Lea Wilson challenges the revocation of his probation for

aggravated assault with a deadly weapon.  Wilson's appellate counsel filed this appeal

pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and <u>In re Appellate Court Response to Anders Briefs</u>, 581 So. 2d 149 (Fla. 1991). This court subsequently ordered merits briefing on two issues: the adequacy of the <u>Faretta</u>[1] inquiry at the probation violation hearing and the apparent discrepancies between the conditions alleged to have been violated in the affidavit of violation of probation, repeated in the order of revocation of probation, and the conditions as listed in the order of probation and the order of modification of probation.[2] Because the trial court focused on Wilson's legal acumen and not whether his waiver of counsel was knowing and voluntary, we must reverse the revocation of Wilson's probation.

At the probation violation hearing, defense counsel advised the court that Wilson wished to represent himself. The court verified with Wilson that he did in fact wish to discharge counsel and represent himself. The court then extensively questioned Wilson about his knowledge of court procedure and rules and briefly about

---

[1]<u>Faretta v. California</u>, 422 U.S. 806 (1975).

[2]In the order directing briefing, this court advised that should counsel determine that a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) would be necessary, such motion was required to be filed prior to the filing of the initial brief. We note that despite the language of our briefing order directing counsel's attention to the discrepancies between the affidavit and the revocation order and advising that, if necessary, counsel should file a rule 3.800(b) motion with the trial court prior to filing the brief with this court, counsel failed to do so. Thus, although counsel briefed the discrepancy issue, it is not preserved. <u>See</u> <u>Hines v. State</u>, 125 So. 3d 999, 1000 (Fla. 2d DCA 2013) (affirming revocation of probation in an <u>Anders</u> appeal and noting that counsel's argument that the revocation order incorrectly stated the conditions violated was not preserved for review where counsel did not file a rule 3.800(b)(2) motion). However, because the inadequacy of the <u>Faretta</u> inquiry requires reversal of the revocation order, we do not address the discrepancy issue further.

his general education level. Finding that Wilson was not qualified to represent himself, the court denied Wilson's request.

In Thompson v. State, 37 So. 3d 939, 940 (Fla. 2d DCA 2010), this court reversed the revocation of Thompson's probation based on the court's failure to determine whether Thompson's request to represent himself was knowingly and intelligently made. Instead, the trial court focused on "whether Thompson was capable of representing himself" and on his "technical legal knowledge" of the proceedings. Id. "But possessing legal skills is not a precondition for exercising the right of self-representation." Id. at 939. In that regard, Florida Rule of Criminal Procedure 3.111(d)(3), incorporating the dictates of Faretta v. California, 422 U.S. 806 (1975), provides:

> Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself.

A defendant's "technical legal knowledge, as such, [is] not relevant to an assessment of his knowing exercise of the right to defend himself." Thompson, 37 So. 3d at 940 (alteration in original) (quoting Faretta, 422 U.S. at 836); see also Fleck v. State, 956 So. 2d 548, 549 (Fla. 2d DCA 2007) ("[A] defendant does not need to possess the technical legal knowledge of an attorney before being permitted to proceed pro se." (quoting Hill v. State, 688 So. 2d 901, 905 (Fla. 1996))). Rather, "the competence that is required of a defendant seeking to waive his right to counsel is the competence to

*waive the right*, not the competence to represent himself." <u>Fleck</u>, 956 So. 2d at 549 (quoting <u>Hill</u>, 688 So. 2d at 905).

Here, just as in <u>Thompson</u>, the judge focused on the defendant's legal knowledge and denied the request to proceed pro se expressly because the defendant was not qualified to represent himself. The court made no finding as to the correct standard—whether the defendant was knowingly and intelligently waiving his right to counsel. Accordingly, we must reverse the revocation of Wilson's probation and remand for further proceedings.

Reversed and remanded.

WALLACE and MORRIS, JJ., Concur.