IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JERRY JEROME HOLMES,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-140

Opinion filed October 31, 2017.

An appeal from the Circuit Court for Duval County.
Mark Hulsey, Judge.

Andy Thomas, Public Defender, Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Jerry Jerome Holmes, appeals his convictions and sentences for

aggravated battery with a deadly weapon and possession of cannabis, and argues that

the trial court reversibly erred by denying his request to represent himself. Finding that the trial court incorrectly denied Appellant's request for self-representation, we reverse and remand for a new trial.

At a May 8, 2014, hearing, the trial court conducted a Faretta[1] inquiry, during which it explained to Appellant the advantages of having a lawyer and the disadvantages of self-representation. Appellant testified that he was fifty-two years old, he can read and write, he has no difficulty understanding English, he has a tenth grade education, he was not currently under the influence of drugs or alcohol, he was diagnosed with and treated for bipolar disorder and manic depression in 2001, he did not have any physical problems that would hinder self-representation, he had never represented himself at trial, and he had read very little about the law and rules governing a trial. When the trial court asked Appellant whether he was certain that he did not want an attorney, he stated, "No, sir, I'm not certain, but I know I'm illiterate to the law . . . ." The trial court found Appellant competent to waive his right to counsel, and found that he did so knowingly and intelligently. At the end of the hearing, however, Appellant changed his mind and accepted counsel.

At a May 28, 2014, hearing, the trial court conducted another Faretta inquiry. Appellant again testified that he can read and write, he has no difficulty understanding English, he was not currently under the influence of any drugs or

_____

[1] Faretta v. California, 422 U.S. 806 (1975).

2

alcohol, he had no physical problems that would hinder self-representation, and he had never represented himself at trial and had not read anything about the law or rules governing trial. Appellant further testified that he has a tenth grade education, but then corrected himself and stated he has an eighth grade education; he had been diagnosed with and treated for paranoid schizophrenia and manic depression, but had never been hospitalized because of those illnesses; and he was certain he did not want an appointed attorney. This time, the trial court denied Appellant's request for self-representation and announced its ruling as follows:

> The last time we were in court, I think was two or three weeks ago, you told me that you did not feel competent to represent yourself in this case. Based on the questions and answers you've given today, and based on that statement less than a month ago, I'm going to find that you are not competent to waive counsel . . . .

A jury convicted Appellant of aggravated battery with a deadly weapon, and he pled nolo contendere to possession of cannabis. This appeal followed.

A trial court's decision on a request for self-representation is reviewed for an abuse of discretion. McGirth v. State, 209 So. 3d 1146, 1157 (Fla. 2017). A person accused of a crime has a constitutional right to represent himself or herself. Neal v. State, 132 So. 3d 949, 950 (Fla. 1st DCA 2014) (citing Faretta v. California, 422 U.S. 806 (1975), and Pasha v. State, 39 So. 3d 1259 (Fla. 2010)). A defendant seeking to waive the right to counsel must be competent to waive the right, but need not be competent to represent himself or herself. State v. Bowen, 698 So. 2d 248,

3

251 (Fla. 1997). The exception to the general rule is when the accused suffers from severe mental illness to the point where he or she is not competent to conduct trial proceedings by himself or herself. Neal, 132 So. 3d at 950-51 (explaining that "[t]he accused need have no legal experience nor any special ability. It is enough that the accused understand the right to be represented by counsel and decide voluntarily to proceed without counsel, assuming severe mental illness does not preclude self-representation" (citing Indiana v. Edwards, 554 U.S. 164, 178 (2008)). Thus,

> it is error to deny a defendant's unequivocal request to represent himself, regardless of his legal skills or the complexity of the case, if the trial court determines that the defendant made a knowing and intelligent waiver of the right to counsel and "does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself."

Id. (citing Fla. R. Crim. P. 3.111(d)(3)).

In Neal, we reversed the appellant's convictions because the trial court failed to apply the correct legal standard in denying his request to proceed *pro se* where it did not even find whether his request was knowing and intelligent or whether he suffered from severe mental illness to the point that he was not competent to conduct trial proceedings by himself. 132 So. 3d at 951. Similarly, in Williams v. State, we remanded for a new trial upon finding that the trial court failed to conduct a legally sufficient Faretta hearing where it "did not consider whether Williams' waiver of counsel was knowing and intelligent and whether he was mentally competent to represent himself, and impermissibly denied Williams' self-representation request

4

based on a perceived lack of legal training and experience." 163 So. 3d 740, 741 (Fla. 1st DCA 2015); see also Wilson v. State, 201 So. 3d 203, 205 (Fla. 2d DCA 2016) ("[T]he judge focused on the defendant's legal knowledge and denied the request to proceed pro se expressly because the defendant was not qualified to represent himself. The court made no finding as to the correct standard—whether the defendant was knowingly and intelligently waiving his right to counsel. Accordingly, we must reverse . . . ."); Williams v. State, 163 So. 3d 694, 697-98 (Fla. 4th DCA 2015) (remanding for a new trial upon concluding that the trial court applied the incorrect legal standard in denying the appellant's request for self-representation where it based its ruling on a finding that he lacked competence to represent himself due to insufficient legal knowledge and never made findings as to whether he knowingly, voluntarily, and intelligently sought waiver of his right to counsel and whether he suffered from severe mental illness to the point where he was incompetent to conduct the proceedings by himself).

As such, Appellant correctly argues that the trial court applied the incorrect legal standard in denying his request for self-representation. First of all, the trial court did not make findings as to whether Appellant sought to waive his right to counsel knowingly and intelligently or whether he suffered from severe mental illness to the point where he was not competent to conduct trial proceedings by himself. Rather, the trial court expressly based its ruling on Appellant's statement

5

at the May 8th hearing that he did not feel competent to represent himself and his answers at the May 28th hearing.

Given that Appellant did not state during the May 8th hearing that he did not feel competent to represent himself, the trial court may have been referencing his statement about being "illiterate to the law." Appellant's lack of legal training and experience, however, was an impermissible basis for denying his request for self-representation. See Bowen, 698 So. 2d at 251; Williams, 163 So. 3d at 697; Williams, 163 So. 3d at 741.

Additionally, the trial court did not specify which of Appellant's answers at the May 28th hearing led to its finding that he was not competent to waive counsel, contrary to its finding twenty days earlier. The State argues on appeal that Appellant's conflicting testimony about his education level and testimony about his mental illnesses justified the denial of his request for self-representation. With regard to Appellant's conflicting testimony about his education level, the trial court made no statement indicating that such testimony led to the change in its finding or played any role in its ultimate decision. In fact, Appellant's conflicting testimony about his education seems insignificant given that he was recalling events from decades earlier; he indicated he could read, write, and understand English; and the hearing transcripts reflect that he was articulate and understood the consequences of his decision. See McKinney v. State, 850 So. 2d 680, 682 (Fla. 4th DCA 2003) ("If

6

lack of education and legal skills were a basis for denying self-representation, few, if any, criminal defendants would ever qualify to represent themselves."). Cf. State v. Bowen, 698 So. 2d 248, 252 (Fla. 1997) ("[N]o citizen can be denied the right of self-representation-or any other constitutional right-because he or she has only a high school diploma.").

As for Appellant's testimony about his mental health diagnoses, the State relies on the distinguishable cases of Visage v. State, 664 So. 2d 1101 (Fla. 1st DCA 1995), and Da Silva v. State, 966 So. 2d 1013 (Fla. 4th DCA 2007). In Visage, we held that the trial court did not err by denying the appellant's request for self-representation because the record indicated that he "was handicapped by more than merely a lack of legal experience." 664 So. 2d at 1101-02. A suggestion of mental incompetency had been filed, the trial court had a psychiatric report prepared and was aware that the appellant had a psychiatric history that included a suicide attempt and hospitalization, and, "[m]ore importantly, the appellant had been diagnosed with bipolar disorder for which he was presently taking anti-depressant, tranquilizing and anti-manic medications." Id. at 1102 (rejecting the appellant's assertion that the trial court did not rely on his mental condition in rending its ruling). Likewise, in Da Silva, the Fourth District found no error in the trial court's denial of the appellant's request to represent himself where the court relied on the "reports of medical experts that he suffers from schizophrenia." 966 So. 2d at 1015-16.

Here, in contrast, the trial court did not rely on Appellant's mental illnesses in rendering its ruling—the court did not mention Appellant's mental health, much less make a finding that he suffered from severe mental illness that rendered him incompetent to conduct the trial. In fact, the trial court granted Appellant's request for self-representation during the May 8th hearing, while being aware that he had been diagnosed with certain mental disorders. Nor could the trial court have relied on Appellant's diagnoses of mental illnesses in denying his request to proceed *pro se* because there was no evidence that, at the time of the hearing, he suffered from severe mental illness to the point where he was not competent to conduct trial proceedings by himself. Appellant received his diagnoses in 2001, well over a decade prior to the hearing; he was never hospitalized for those illnesses; there were no psychiatric reports; and there was no evidence indicating that he was presently suffering from any mental illness.

For the foregoing reasons, we conclude that the trial court erred by denying Appellant's request to proceed *pro se*. Therefore, we reverse Appellant's convictions and remand for a new trial.

REVERSED and REMANDED.

LEWIS, KELSEY, and M.K. THOMAS, JJ., CONCUR.

8